IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT

2012 JUN 14 ⊃ 3: 56

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL | * * * * |
| Plaintiffs, | * * |
| vs. | * * |
| BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, BEAR LAKE BOY SCOUT AQUATIC CAMP | * * * * * * |
| Defendants. | * |

CIVIL ACTION NO.

Case: 1:12cv00128
Assigned To : Wells, Brooke C.
Assign. Date : 6/14/2012
Description: Tuvell et al v. Boy Scouts of America et al

* * * * * * * * * * * * * * * * * * * * *

COMPLAINT

Plaintiffs, by and through counsel, hereby complain and allege against Defendants as follows:

**PARTIES**

1.      Plaintiff Estate of David Christopher Tuvell.  At the time of his death David Christopher Tuvell was a resident of and domiciled in the State of Nevada.

2.      Plaintiffs Christopher Joseph Tuvell and Sherry Lynn Tuvell are the parents of decedent David Christopher Tuvell and/or the Personal Representative of the Estate of David Christopher Tuvell and the natural parents of the minor child, Joseph Tuvell.

3.      Plaintiffs Christopher Joseph Tuvell and Sherry Lynn Tuvell were the parents and natural guardian of David Christopher Tuvell at the time of his tragic death.  At all times

pertinent hereto, Plaintiffs Christopher Joseph Tuvell and Sherry Lynn Tuvell were residents of the State of Nevada. Plaintiffs Christopher Joseph Tuvell and Sherry Lynn Tuvell are victims of the culpable conduct of the defendants herein insofar as they have suffered and will continue to suffer extreme mental and emotional distress, anguish, anxiety, and loss of love, companionship, physical assistance, comfort, care, protection, and moral support that David Christopher Tuvell provided to them, and that David Christopher Tuvell promised to provide to them during their future together.

4.      The Estate of David Christopher Tuvell is the legal Estate of the deceased, David Christopher Tuvell who suffered because of the culpable conduct of the defendants herein, and therefore the Estate of David Christopher Tuvell is  entitled to recovery of all appropriate relief from the defendants as to same, including but not limited to all survival and/or wrongful death claims and damages under the applicable common law, statutes, regulations, damages for economic loss, loss of enjoyment of life, emotional and physical pain and suffering, emotional distress and other damages recoverable at law, and Christopher Joseph Tuvell and Sherry Lynn Tuvell, as Personal Representatives of same, as well as individually and on behalf of their minor child, Joseph Tuvell, are seeking recovery in this lawsuit as to all actionable claims, and for the benefit of the Estate and the heirs, and as to all wrongful death/survival claims and other actionable claims, under all applicable laws.

5.      Defendant Corbett Douglas, on information and belief, at all times pertinent hereto, was and is a resident of the State of Utah, and further, was and is an alleged master diver and/or PADI certified dive instructor and a certified dive instructor and/or dive master for Boy Scouts of America, Blue Water Scuba, Lowell Huber and/or Bear Lake Boy Scout Aquatic

Camp, and/or supervised and instructed and monitored students and/or novice divers such as David Christopher Tuvell including conducting dives as part of the Discover Scuba Program. He is sued in his individual capacity and also as an agent and/or employee of defendants PADI, Boy Scouts of America, Blue Water Scuba, Lowell Huber and/or Bear Lake Boy Scout Aquatic Camp. In the event that at the time of the culpable conduct, Mr. Douglas was acting on behalf of, and/or through any business and company or agency unnamed herein, notice is hereby given that said business and company or agency is likewise subject to this suit and responsible under all damages of the law and further to the extent applicable, said position of Plaintiffs apply to the other defendants sued, to the extent any such business entity or company or agency was, or is their agent or principal. Defendant Corbett Douglas, at various times pertinent hereto, has functioned as and/or held himself out to the community, including to persons similarly situated to David Christopher Tuvell, as a master diver and/or certified instructor and/or the dive master for Boy Scouts of America, Blue Water Scuba, Lowell Huber, and/or Bear Lake Boy Scout Aquatic Camp, and/or as a PADI certified instructor. Given his relationship to the dive in question, in various capacities in light of said representation and his relationship to David Christopher Tuvell and the actual dive, and his failures in that regard, he has individual liability in said various capacities, as well as the culpable liability, and responsibility existing for the various referenced other defendants and entities, as to which he was so connected, including culpability as and/or due to his status as an agent and/or representative of Boy Scouts of America, Blue Water Scuba, Lowell Huber, and/or Bear Lake Boy Scout Aquatic Camp, and/or as a PADI certified instructor.

6.      Defendant Boy Scouts of America is and/or was licensed to do business, and is and was conducting business in the State of Utah and was conducting business in and around Bear Lake, Utah at all times pertinent hereto.  Plaintiffs allege that defendant Boy Scouts of America is directly liable and vicariously liable for its culpable conduct and/or vicarious actions of its agent and/or employee Corbett Douglas, and for its own conduct with regard to the scuba course in question, management of the dive site and facility at Bear Lake and the quality assurance of its instructor.

7.      Defendant Blue Water Scuba is and/or was licensed to do business, and is and was conducting business in the State of Utah, and was conducting business in and around Bear Lake, Utah at all times pertinent hereto.  Plaintiffs allege that defendant Blue Water Scuba is directly liable and vicariously liable for its culpable conduct and/or vicarious actions of its agent and/or employee Corbett Douglas, and for its own conduct with regard to the scuba course in question, the scuba equipment and the quality assurance of its instructor.

8.      Defendant Bear Lake Boy Scout Aquatic Camp is and/or was licensed to do business, and is and was conducting business in the State of Utah, and was conducting business in and around Bear Lake, Utah at all times pertinent hereto.  Plaintiffs allege that defendant Bear Lake Boy Scout Aquatic Camp is directly liable and vicariously liable for its culpable conduct and/or vicarious actions of its agent and/or employee Corbett Douglas, and for its own conduct with regard to the dive site and the scuba course in question and the quality assurance of its instructor.

9.      Defendant Professional Association of Dive Instructors ("PADI") is and/or was licensed to do business, and is and was conducting business in the State of Utah, and was

conducting business in and around Bear Lake, Utah at all times pertinent hereto. Plaintiffs allege that defendant Professional Association of Dive Instructors ("PADI") is directly liable and vicariously liable for its culpable conduct and/or vicarious actions of its agent and/or employee Corbett Douglas, and for its own conduct with regard to design, marketing and implementation of the scuba course in question and the quality assurance of its instructor.

10.     Defendant Lowell Huber, a resident of Logan, Utah, doing business in Logan, Utah, was at all relevant times the employer of Corbett Douglas, and the owner, operator and/or manager of Blue Water Scuba. Plaintiffs allege that defendant Lowell Huber is directly liable and vicariously liable for his culpable conduct, and/or vicarious actions of his agent and/or employee Corbett Douglas, and for his own conduct with regard to the scuba course in question, the scuba equipment and the quality assurance of his instructor.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(3). This is a civil action and involves, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact in this action is wholly between citizens of different states.

12.     Venue in the Central District of Utah is appropriate under 28 U.S.C. §1391(a)(2), because a substantial part of the events giving rise to this complaint occurred in Utah.

## FACTS

13.     David Christopher Tuvell died on or about July 13, 2011, as a result of injuries sustained in a fatal scuba diving incident occurring at or near Bear Lake, Utah. Decedent David Christopher Tuvell was participating in a Discover Scuba program offered by the Boy Scouts of America, Bear Lake Boy Scout Aquatic Camp, Lowell Huber, and/or Blue Water Scuba through

the Professional Association of Diving Instructors ("PADI"), and conducted by PADI instructor and member Corbett Douglas and Blue Water Scuba. David Christopher Tuvell was diving under the supervision, instruction, and control of defendant Corbett Douglas and the other defendants. Defendant Corbett Douglas was an employee and/or agent of PADI, Boy Scouts of America, Blue Water Scuba, Lowell Huber, and/or Bear Lake Boy Scout Aquatic Camp. Defendant Corbett Douglas was a PADI certified dive instructor. Decedent David Christopher Tuvell relied upon Mr. Douglas' certification and/or representations as to same as well as the representations of the other defendants. Defendant Corbett Douglas and the other defendants failed to prepare and implement an adequate dive plan, failed to ensure decedent David Christopher Tuvell was properly equipped, dressed and weighted, provided defective equipment and a defective course and defective teaching aids, failed to properly instruct and supervise and assist David Christopher Tuvell, or monitor, manage, and supervise his student David Christopher Tuvell's air supply, abandoned David Christopher Tuvell, and failed to aid and properly rescue David Christopher Tuvell once an emergency situation arose and failed to ensure, prior to the dive, that David Christopher Tuvell's air supply and equipment were adequate for the dive. Defendants Boy Scouts of America, PADI, Blue Water Scuba, Lowell Huber, Corbett Douglas, and/or Bear Lake Boy Scout Aquatic Camp provided defective equipment and taught a defective course with regard to the dive in question. The culpable conduct of Defendants led to the death of David Christopher Tuvell.

14.     On or about July 13, 2011, David Christopher Tuvell died in said scuba diving accident as a result of the culpable conduct of the defendants.

15.     On or about July 13, 2011, David Christopher Tuvell was participating in a

Discover Scuba Diving ("DSD") course offered by Bear Lake Boy Scout Aquatic Camp and/or the Boy Scouts of America through the Professional Association of Dive Instructors ("PADI") and conducted by PADI instructor and member Corbett Douglas, Lowell Huber, and Blue Water Scuba.  The DSD course is a PADI sanctioned program which was designed to introduce people to scuba diving in a highly supervised and controlled manner.  The DSD program emphasizes that close supervision of the dive participants by the instructor is essential, especially in the open water portion of the course.  The DSD program is itself an inherently and unreasonably dangerous defective product.  The teaching materials associated with the DSD program are unreasonably dangerous defective products.

16.     At the time of the dive, defendant Corbett Douglas was an alleged PADI dive instructor/dive master.

17.     Defendant Corbett Douglas has the duties/obligations in his individual capacity and as an employee and/or agent of defendants Boy Scouts of America, Blue Water Scuba, Lowell Huber, Bear Lake Boy Scout Aquatic Camp and/or PADI to conduct the dive safely and to safely monitor and supervise and instruct David Christopher Tuvell and be prepared to and in fact assist, locate and if necessary rescue him.  He had obligations to do so given his position and his certification and representation that he was an alleged dive instructor and/or the dive master for Boy Scouts of America, Blue Water Scuba, Lowell Huber and/or Bear Lake Boy Scout Aquatic Camp and a PADI certified dive instructor, and/or his representations as to the same and his representation and/or actions as to the fact that he supervised and instructed and monitored students and/or novice divers and conducted dives as part of the DSD program.

18.     Defendant Corbett Douglas and/or defendants Boy Scouts of America, Blue Water Scuba, Lowell Huber, Bear Lake Boy Scout Aquatic Camp, and/or PADI owed a duty of care as to the instruction, provision of equipment and supervision and monitoring of David Christopher Tuvell prior to and in preparation for and at the time of the dive.

19.     Defendant Corbett Douglas and the other defendants owed a duty to properly prepare and implement a dive plan, to ensure that David Christopher Tuvell was properly instructed, supervised, equipped, dressed and weighted, and to ensure David Christopher Tuvell had adequate air and equipment, and to properly monitor his air supply and his conduct during the dive, and to prepare and/or assist and/or rescue him.  Corbett Douglas and the other defendants failed to do so due to negligence, gross negligence and/or recklessness and/or willfully indifferent and/or culpable conduct.

20.     Defendant Corbett Douglas, as an alleged experienced dive master/instructor, owed a heightened duty of care to David Christopher Tuvell, which duty he failed to fulfill due to negligent and/or culpable conduct.

21.     Defendant Corbett Douglas also owed a duty of due care to assist and/or rescue David Christopher Tuvell if a problem or mishap occurred during the dive.

22.     Defendant Corbett Douglas' and the other defendants conduct violated standard protocols for presenting the DSD program both in the classroom and open water, with regard to equipment selection and provision and preparation for the dive, for monitoring and implementing the dive, for monitoring and implementing the air supply, and for rescue, both as to the preparation, readiness, and ability and capacity of Corbett Douglas to effect a rescue,

and in preparing and implementing any necessary efforts to deal with any emergency separation or loss of air.

23. During the period of David Christopher Tuvell's time at Bear Lake Boy Scout Aquatic Camp, through to his death on July 13, 2011, the Defendants conducted the dive preparation, instruction and dive in a negligent manner, causing the death of David Christopher Tuvell.

24. The Defendants herein are liable under the Utah Wrongful Death statute for their negligence and the negligence of their employees and/or agents, which led to the death of David Christopher Tuvell.

25. Defendant Corbett Douglas and/or Defendants Boy Scouts of America, Blue Water Scuba, Lowell Huber, Bear Lake Boy Scout Aquatic Camp, and/or PADI violated all their duties in light of the matters referenced in paragraphs 15 - 25, supra.

26. Violations of duties in light of the matter referenced (in paragraphs 15 - 25, supra) were the proximate cause, i.e. a substantial factor in causing the injury, pain and suffering, and death of David Christopher Tuvell and damages to Plaintiffs.

27. The conduct of Defendant Corbett Douglas was in reckless disregard of the foreseeable consequences and the interests of other persons, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue and the net worth of the liable defendant(s).

28.     The conduct of Defendant Boy Scouts of America was in reckless disregard of the foreseeable consequences and the interests of other persons, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue, and the net worth of the liable defendant(s).

29.     The conduct of Defendant Blue Water Scuba was in reckless disregard of the foreseeable consequences and the interests of other persons, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue and the net worth of the liable defendant(s).

30.     The conduct of Defendant Lowell Huber was in reckless disregard of the foreseeable consequences and the interests of other persons, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue and the net worth of the liable defendant(s).

31.     The conduct of Defendant Bear Lake Boy Scout Aquatic Camp was in reckless disregard of the foreseeable consequences and the interests of other persons, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue and the net worth of the liable defendant(s).

32.     The conduct of Defendant PADI was in reckless disregard of the foreseeable

consequences and the interests of other persons, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue and the net worth of the liable defendant(s).

33.    The Boy Scouts of America required decedent David Christopher Tuvell to complete a curriculum negligently designed by both PADI and the Boy Scouts of America and authorized him to do so in the manner in which he was proceeding at the time of the incident and knew he was so proceeding.  The Defendants failed to have in place safety procedures in planning and conducting said dives, failed to thoroughly vet and have an approved list of dive monitors to conduct said dives for students, failed to establish standards for the conduct of said dives in a safe manner and/or for the assistance and review of divers who needed more aid and supervision, and failed to properly vet and supervise Corbett Douglas.  Furthermore, Defendant Corbett Douglas was conducting said dive as an agent of the other Defendants, and/or so David Christopher Tuvell could complete requirements for a merit badge and/or for pleasure.  Boy Scouts of America, Blue Water Scuba, Lowell Huber, Bear Lake Boy Scout Aquatic Camp, and/or PADI are liable due to culpable conduct as to a failure to properly train, prepare, instruct and equip David Christopher Tuvell for the dive, and/or to support the divers, and for rescue, or to have adequate additional rescue efforts and equipment including first aid equipment and supplies.

34.    As a direct and proximate cause of the culpable acts of the Defendant(s), David Christopher Tuvell was forced to endure great pre-death pain and suffering and emotional

distress and died on July 13, 2011.

35.     As a result of the accident and culpable conduct of the Defendant(s), David Christopher Tuvell, deceased, suffered great physical agony, pain and suffering in the knowledge of impending death, emotional distress and the knowledge that he would never see his family again, as well as the knowledge that he would never see his mother, father and brother again.   The Estate of David Christopher Tuvell is entitled to recover for David Christopher Tuvell's survival and/or wrongful death damages, physical pain and suffering, and emotional distress, as to all damages both before and after death, the loss of love, companionship, physical assistance, comfort, care, protection, and moral support with his family for the life expectancy of David Christopher Tuvell, in an amount to be determined at trial.

36.     As a direct and proximate result of the actions of the Defendants leading to the death of David Christopher Tuvell, Plaintiffs Christopher Joseph Tuvell, Sherry Lynn Tuvell and Joseph Tuvell have been deprived of the love, companionship, physical assistance, comfort, care, protection and moral support that David Christopher Tuvell provided to them, and that David Christopher Tuvell promised to provide to them during their future together. Furthermore, they have suffered and will continue to suffer emotional distress as a result of his death.  Accordingly, they have been damaged in an amount to be determined at trial.

### FIRST CLAIM FOR RELIEF

(Negligence—Against Boy Scouts of America, Professional Association of Dive Instructors

("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic

Camp)

37.     All of the above-stated allegations of the Complaint are incorporated herein by this reference.

38.     Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic Camp were negligent and committed acts and/or omissions which led to the accident that occurred and caused the death of David Christopher Tuvell.

39.     Said defendants owed a duty of care to conduct the dive safely and to safely monitor and supervise and instruct David Christopher Tuvell, and be prepared to and in fact assist, locate and rescue him if necessary.

40.     Said defendants breached their duties of care and were negligent by failing to conduct the dive safely and to safely monitor and supervise and instruct David Christopher Tuvell and by failing to be prepared to and in fact failing to assist, locate and rescue him.

41.     Defendants breached these duties of care, causing the death of David Christopher Tuvell.

42.     As a direct result of said Defendants' breach of their duties of care and negligence, Plaintiffs' have been injured and damaged in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF

(Strict Product Liability—Against Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic Camp)

43.     All of the above-stated allegations are incorporated herein by this reference.

44.     Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic Camp provided the Discover SCUBA program and all the equipment used by David Christopher Tuvell at all times discussed herein.

45.     The Discover SCUBA program, its associated training materials and the equipment used by David Christopher Tuvell at the time of his death were defective and unreasonably dangerous.

46.     The defective and unreasonably dangerous Discover SCUBA program, training materials and equipment used by David Christopher Tuvell were the direct and proximate cause of his death.

47.     Defendants are strictly liable for the death and resulting damages of the Plaintiffs.

**THIRD CLAIM FOR RELIEF**

(Failure to Warn—Against Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic

Camp)

48.     All of the above-stated allegations of the Complaint are incorporated herein by this reference.

49.     Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic Camp had a duty to adequately warn David Christopher Tuvell of the dangers posed by participating in the Discover Scuba program and how to avoid and minimize such dangers.

50.     Said Defendants breached their duties to adequately warn David Christopher Tuvell of such dangers and how to avoid or minimize them, which led to the accident that occurred and caused the death of David Christopher Tuvell.

51.     Said Defendants breach of their duty to warn, caused the death of David Christopher Tuvell.

52.     As a direct result of said Defendants breach of their duty to warn, Plaintiffs have been injured and damaged in amounts to be determined at trial.

53.     Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic Camp had a duty to adequately warn David Christopher Tuvell of the dangers posed by the use of improper defective equipment and/or the Discover SCUBA program.

54.     Said Defendants breached their duties to adequately warn David Christopher Tuvell of such dangers and how to avoid or minimize them, which led to the accident that occurred and caused the death of David Christopher Tuvell.

55.     Said Defendants breach of their duty to warn, caused the death of David Christopher Tuvell.

56.     As a direct result of said Defendants breach of their duty to warn, Plaintiffs have been injured and damaged in amounts to be determined at trial.

57.     Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic Camp had a duty to adequately warn David Christopher Tuvell of the dangers of the dive site that was in use at the time of his death.

58.     Said Defendants breached their duties to adequately warn David Christopher Tuvell of such dangers and how to avoid or minimize them, which led to the accident that occurred and caused the death of David Christopher Tuvell.

59.     Said Defendants breach of their duty to warn, caused the death of David Christopher Tuvell.

60.     As a direct result of said Defendants breach of their duty to warn, Plaintiffs have been injured and damaged in amounts to be determined at trial.

## FOURTH CLAIM FOR RELIEF

(Breach of Express Warranties—Against Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp)

61.     All of the above-stated allegations are incorporated herein by this reference.

62.     On information and belief, Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp, expressly warranted that the Discover SCUBA program was a safe and proper program, that the training materials utilized and equipment provided to David Christopher Tuvell was safe and appropriate for his use, that the dive site in use at the time was safe and appropriate for David Christopher Tuvell's use and that supervisor of his dive was properly trained and would keep him safe and away from harm.

63.     Defendants breached their express warranties, and these breaches of warranty were a proximate cause of the death of David Christopher Tuvell and the resulting  damages to

Plaintiffs.

## FIFTH CLAIM FOR RELIEF

(Breach of Implied Warranty of Merchantability—Against Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp)

64. All of the above-stated allegations are incorporated herein by this reference.

65. Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp were merchants with respect to Discover SCUBA program, training materials and equipment provided to David Christopher Tuvell that he was using at the time of his death.

66. Defendants implicitly warranted that the Discover SCUBA program, its training materials and the equipment provided to David Christopher Tuvell at the time of his death as well as the dive site and support personnel was fit for the particular purpose for which it was required.

67. Defendants breached their implied warranty of fitness for a particular purpose, and the breach of warranty was a proximate cause of the death of David Christopher Tuvell and the resulting damages to the Plaintiffs.

## SIXTH CLAIM FOR RELIEF

(Breach of Implied Warranty of Fitness for a Particular Purpose—Against Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp)

68.     All of the above-stated allegations are incorporated herein by this reference.

69.     Defendants Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp had reason to know (A) the particular purpose for which the Discover SCUBA program and the described provided equipment would be used, and (B) that David Christopher Tuvell was relying on the Defendants' skill and judgment to provide a suitable program, training materials and equipment.

70.     Defendants implicitly warranted that the Discover SCUBA program and described provided training materials, equipment and dive site and support personnel was fit for the particular purpose for which it was required.

71.     Defendants breached their implied warranty of fitness for a particular purpose, and the breach of warranty was a proximate cause of David Christopher Tuvell's death and the resulting damages to Plaintiffs.

**SEVENTH CLAIM FOR RELIEF**

(Punitive Damages—Against Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp)

72.     All of the above-stated allegations of the Complaint are incorporated herein by this reference.

73.     The conduct of the Defendants, Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Bear Lake Boy Scout Aquatic Camp, was in reckless disregard of the foreseeable consequences and the

interests of other persons, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future, with due regard for the nature of the culpable conduct at issue and the net worth of the liable defendant(s).

## EIGHTH CLAIM FOR RELIEF

(Products Liability—Against Boy Scouts of America, Professional Association of Dive Instructors ("PADI"), Blue Water Scuba, Lowell Huber, Corbett Douglas and Bear Lake Boy Scout Aquatic Camp)

74.     All of the above-stated allegations of the Complaint are incorporated herein by this reference.

75.     The PADI DSD program in use by the Defendants was defective in all its design and elements negligently created and was inappropriate for use by David Christopher Tuvell.

76.     The dive equipment and training materials used on the dive in question including without limitation the video presentation, flip charts, checklists, weight system, the buoyancy compensator device, the regulator, wetsuit, mask, fins, snorkel were defective, and inappropriate for use by David Christopher Tuvell.

77.     The Defendants were all aware of the defects in the program, training materials and equipment.

78.     The defective program, training materials and equipment caused David Christopher Tuvell's death and the Plaintiffs' resulting damages.

## NINTH CLAIM FOR RELIEF

(Premises Liability—Against Bear Lake Boy Scout Aquatic Camp)

79.     All of the above-stated allegations of the Complaint are incorporated herein by

this reference.

80.    Defendant Bear Lake Boy Scout Aquatic Camp was the owner and/or operator of the premises and thus was in control of and responsible for the defects in the following items:

(a)   The water temperature at Bear Lake at the time described herein was inappropriate for the PADI DSD program

(b)   The depth of the water being use at the times described herein was inappropriate for the PADI DSD program

(c)   The visibility of the water being use at the times described herein was inappropriate for the PADI DSD program

(d)   The bottom composition of the body of water being use at the times described herein was inappropriate for the PADI DSD program

(e)   The geographical markings placed by Bear Lake Boy Scout Aquatic Camp and which were being use at the times described herein were inappropriate for the PADI DSD program.

(f)   There was a lack of life guards and/or look outs at all time and places described herein.

(g)   There was a lack of first aid equipment on hand at all times and places described herein.

(h)   There was a lack of search and recovery equipment available at all times and places described herein.

81.    The defects in the Defendant Bear Lake Boy Scout Aquatic Camp's premises caused David Christopher Tuvell's death and the Plaintiffs' resulting damages.

**JURY DEMAND AND PRAYER FOR RELIEF**

Plaintiffs demand a trial by jury of all issues and claim triable to a jury in this matter.

WHEREFORE, Plaintiffs pray for judgment on all causes of judgment in an amount to be determined at trial and for such other relief as is just and proper, including without limitation, an award of costs and attorneys fees incurred in bringing this action.

WHEREFORE, Plaintiffs pray for relief as follows:

As to the Estate of David Christopher Tuvell, for an award of compensatory non-economic damages against each of the Defendants in an amount to be determined at trial.

As to the Plaintiffs Christopher Joseph Tuvell and Sherry Lynn Tuvell, for an award of compensatory damages against each of the Defendants in an amount to be determined at trial for:

General non-economic damages in an amount to be determined at trial.

Special economic damages for and not limited to funeral and burial expenses in an amount to be determined at trial.

An award of punitive damages against each of the Defendants as to which relief is sought in an amount to be determined by a jury, with due consideration given to the acts and omissions complained of herein and the assets and net worth, including, but not limited to as necessity to deter and prevent such conduct in the future.

A jury trial as to issues so triable.

For costs, attorney's fees and prejudgment and post judgment interest in the maximum amount allowable by law.

For such other relief as the court deems just and equitable.

Respectfully submitted,

**EISENBERG, GILCHRIST & CUTT**

ROBERT G. GILCHRIST (#3715)
215 S. State Street, 900 Parkside Tower
Salt Lake City, UT 84111
Telephone: (801) 366-9100
Fax: (801) 350-0065

**Attorneys for Petitioners, Christopher Joseph
Tuvell, Sherry Lynn Tuvell, and
the Estate of David Christopher Tuvell**