MICHAEL F. SKOLNICK - #4671
mfskolnick@kippandchristian.com
STEPHEN D. KELSON - #8458
skelson@kippandchristian.com
KIPP AND CHRISTIAN, P.C.
10 Exchange Place
Fourth Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
*Attorneys for Boy Scouts of America and*
*Bear Lake Boy Scout Aquatic Camp*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL, | : : : : : | **ANSWER AND CROSSCLAIM OF DEFENDANTS BOY SCOUTS OF AMERICA AND BEAR LAKE BOY SCOUT AQUATIC CAMP** |
| Plaintiffs. | : : | |
| v. | : : | |
| | : | Case No.:  1:12-cv-00128 |
| BOY SCOUTS OF AMERICAN, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, BEAR LAKE BOY SCOUT AQUATIC CAMP, | : : : : : : : | Magistrate Judge Brooke C. Wells |
| Defendants. | : | |

Defendants Boy Scouts of America ("BSA") and Bear Lake Boy Scout Aquatic Camp

("BLBSAC"), by and through counsel, respond to the numbered paragraphs of plaintiffs' Complaint as follows:

1.      Deny for lack of sufficient knowledge or information.

2.      Deny for lack of sufficient knowledge or information.

3.      Deny any culpable conduct on the part of BSA or BLBSAC.  Deny the remainder of paragraph 3 for lack of sufficient knowledge or information.

4.      Deny any culpable conduct on the part of BSA or BLBSAC and deny plaintiffs are entitled to recovery any damages from BSA or BLBSAC.  Deny the remainder of paragraph 4 for lack of sufficient knowledge or information.

5.      Deny that defendant Corbett Douglas ("Douglas) was a certified dive instructor and/or dive master for BSA or BLBSAC.  Deny that Douglas was an agent or employee of BSA or BLBSAC.  Deny any culpability on the part of BSA or BLBSAC for the alleged acts and omissions of Douglas.  Deny the remainder of paragraph 5 for lack of sufficient knowledge or information.

6.      Deny.

7.      Admit, on information and belief, that defendant Blue Water Scuba ("Blue Water") was licensed to do business and was conducting business in Utah, in or around Bear Lake, at certain times pertinent to plaintiffs' Complaint.  Deny the remainder of paragraph 7 for lack of sufficient knowledge or information.

8.      Admit BLBSAC is and was licensed to do business and conducts business in the state

of Utah, and that BLBSAC was conducting its business in and around Bear Lake, Utah at certain times pertinent to plaintiffs' Complaint.  Deny the remainder of paragraph 8.

9.      Admit, on information and belief, that defendant Professional Association Diving Instructions ("PADI") was licensed to do business and was conducting business in Utah, in or around Bear Lake, at certain times pertinent to plaintiffs' Complaint.  Deny the remainder of paragraph 9 for lack of sufficient knowledge or information.

10.     Admit, on information and belief, that defendant Lowell Huber ("Huber") was licensed to do business and was conducting business in Utah, in or around Bear Lake, at certain times pertinent to plaintiffs' Complaint.  Deny the remainder of paragraph 10 for lack of sufficient knowledge or information.

11.     Admit the court has jurisdiction over the claims alleged in plaintiff's Complaint. Deny the remainder of paragraph 11.

12.     Admit venue is properly laid in the Central District of Utah.  Deny the remainder of paragraph 12.

13.     Admit David Christopher Tuvell died on or about July 13, 2011.  Deny David Christopher Tuvell was participating in a Discover Scuba Program offered by BSA or BLBSAC. Admit on information and belief that the Discovery Scuba Program was offered by Huber and/or Blue Water through PADI, and conducted by PADI instructor and member Douglas and Blue Water. Admit, on information and belief, that David Christopher Tuvell was diving under the supervision,

instruction and control of Douglas, Huber and/or Blue Water, and that Douglas was an employee or agent of PADI, Blue Water and/or Huber.  Deny that Douglas was an employee or agent of BSA or BLBSAC.  Deny David Christopher Tuvell relied upon any representations by BSA or BLBSAC, or that BSA or BLBSAC had any involvement or duty with respect to preparing and implementing a dive plan for David Christopher Tuvell or to oversee monitor, manage or supervise the dive during which David Christopher Tuvell is alleged to have drowned.  Deny that BSA or BLBSAC provided or had any duty to provide equipment or teach any course with regard to said dive.  Deny any culpable conduct on the part of BSA or BLBSAC, or that David Christopher Tuvell died as a result of any culpable conduct on the part of BSA or BLBSAC.  Deny the remainder of paragraph 13 for lack of sufficient knowledge or information.

14.     Admit David Christopher died on or about July 13, 2011.  Deny any culpable conduct on the part of BSA or BLBSAC.  Deny the remainder of paragraph 14 for lack of sufficient knowledge or information.

15.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

16.     Admit, on information and belief.

17.     Deny Douglas was an employee or agent of BSA or BLBSAC.  Deny Douglas was a dive instructor or dive master for BSA or BLBSAC.  Deny the remainder of paragraph 17 for lack of sufficient knowledge or information.

18.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

19.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

20.     Paragraph 20 states a legal conclusion to which no response is required.  To the extent any response is required, deny with respect to defendants BSA and BLBSAC.  Deny for lack for sufficient knowledge or information with respect to the other named defendants.

21.     Paragraph 21 states a legal conclusion to which no response is required.  To the extent any response is required, deny with respect to defendants BSA and BLBSAC.  Deny for lack for sufficient knowledge or information with respect to the other named defendants.

22.     Deny BSA or BLBSAC violated any protocol.  Deny the remainder of paragraph 22 for lack of sufficient knowledge or information.

23.     Deny with respect to defendants BSA and BLBSAC.  Deny for lack of sufficient or information with respect to the other named defendants.

24.     Paragraph 24 states a legal conclusion to which no response is required.  To the extent any response is required, deny with respect to defendants BSA and BLBSAC.  Deny for lack for sufficient knowledge or information with respect to the other named defendants.

25.     Paragraph 25 states a legal conclusion to which no response is required.  To the extent any response is required, deny with respect to defendants BSA and BLBSAC.  Deny for lack for

sufficient knowledge or information with respect to the other named defendants.

26.     Deny with respect to BSA and BLBSAC. Deny for lack of sufficient knowledge or information with respect to the other named defendants.

27.     Deny with respect to BSA and BLBSAC. Deny for lack of sufficient knowledge or information with respect to the other named defendants.

28.     Deny.

29.     Deny for lack of sufficient knowledge or information.

30.     Deny for lack of sufficient knowledge or information.

31.     Deny.

32.     Deny for lack of sufficient knowledge or information.

33.     Deny with respect to defendants BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

34.     Deny with respect to defendants BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

35.     Deny with respect to defendants BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

36.     Deny with respect to defendants BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

37.     Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 36

above.

38.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

39.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

40.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

41.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

42.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

43.     Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 42 above.

44.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

45.     Deny for lack of sufficient knowledge or information.

46.     Deny for lack of sufficient knowledge or information.

47.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

48.     Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 47 above.

49.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

50.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

51.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

52.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

53.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

54.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

55.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

56.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

57.     Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or

information with respect to the other named defendants.

58.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

59.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

60.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

61.    Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 60 above.

62.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

63.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

64.    Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 63 above.

65.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

66.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

67.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

68.    Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 67 above.

69.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

70.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

71.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

72.    Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 71 above.

73.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

74.    Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 73 above.

75.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

76.    Deny for lack of sufficient knowledge or information.

77.    Deny with respect to BSA and BLBSAC.  Deny for lack of sufficient knowledge or information with respect to the other named defendants.

78.    Deny for lack of sufficient knowledge or information.

79.    Defendants BSA and BLBSAC incorporate and reallege their responses 1 through 78 above.

80a-h.  Deny.

81.    Deny.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiffs' Complaint fails to state a claim against BSA or BLBSAC upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

<u>THIRD AFFIRMATIVE DEFENSE</u>

To the extent the accident complained of was proximately caused by the acts or omissions of Blue Water, Huber, Douglas and/or PADI, fault should be apportioned to those parties.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claim for punitive damages must be proven beyond a reasonable doubt.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claim for punitive damages must be proven by clear and convincing evidence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is subject to the provisions and limitations contained in U.C.A. § 78-18-1.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is limited by the provisions of U.C.A. § 76-3-301.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which punitive damages can be awarded.

## NINTH AFFIRMATIVE DEFENSE

Punitive damages in this case are prohibited by at least the following provisions of the United States and Utah Constitutions:

> The due process clauses (including substantive and procedural due process) of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the Utah Constitution;

> The taking clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 22 of the Utah Constitution;

> The equal protection clauses of the Fourteenth Amendment to the United States Constitution, and Article I, § 24 of the Utah Constitution;

> The prohibitions against excessive fines and punishments contained in the Eighth Amendment to the United States Constitution and Article I, § 9 of the Utah Constitution;

> The rights given an accused by the Fifth and Sixth Amendments to the United States Constitution, and Article I, §§ 12 and 13 of the Utah

Constitution;

The prohibition of ex post facto laws contained in Article I, § 18 of the Utah Constitution; and,

The open courts provision, Article I, § 11 of the Utah Constitution.

Among the reasons an award of punitive damages in this case would violate these and other provisions of the Untied States and Utah Constitutions are the following:

The standards of conduct and standards for awarding punitive damages are vague and ambiguous;

Plaintiffs seek to punish defendants for the acts of another;

These defendants have not been given the same protections and guarantees as criminal defendants, such as protection from self incrimination, charge upon adequately detailed information, proof beyond a reasonable doubt, etc.;

The state's power to punish is not invoked for the purpose of serving the public good, nor is it controlled by prosecutorial discretion, but rather, the state's power is invoked, unchecked, for the private purpose of retribution and greed; and

The threat of punishment will be used to chill defendants' access to open courts and extort a favorable civil resolution.

At a minimum, defendants must be given the protections and guarantees of an accused under criminal law.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not act with actual malice, and any award of punitive damages is therefore barred.

## ELEVENTH AFFIRMATIVE DEFENSE

As a matter of law, punitive damages may not be awarded in this case because any

outrageous and malicious conduct, if any, and any is expressly denied, is likely to be deterred by other means.

## TWELFTH AFFIRMATIVE DEFENSE

Any allegation not specifically admitted herein is deemed denied.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering defendants state that they have, or may have, further and additional affirmative defenses which are not yet known, but which may become known through future discovery. Answering defendants assert each and every affirmative defense as it may be ascertained through future discovery herein.

WHEREFORE, having responded to plaintiffs' Complaint, answering defendants, by and through counsel, request that:

1.      Plaintiffs' Complaint be dismissed with prejudice and on the merits and that plaintiffs takes nothing thereby;

2.      Answering defendants be awarded their attorney's fees and costs incurred in defending plaintiffs' Complaint; and

3.      For such other relief as the court deems just and equitable.

## CROSSCLAIM

Defendants Boy Scouts of America ("BSA") and Bear Lake Boy Scout Aquatic Camp ("BLBSAC"), by and through counsel, hereby crossclaim against defendants Professional

Association of Dive Instructors ("PADI"), Blue Water Scuba ("Blue Water"), Lowell Huber ("Huber") and Corbett Douglas ("Douglas"), as follows:

## Description of Parties

1.    BSA is a charitable organization chartered by the Congress of the United States, which maintains its principal place of business in Irving, Texas.

2.    BLBSAC is a summer camp owned and operated by the Great Salt Lake Council of the Boy Scouts of America.

3.    On information and belief, Blue Water is an organization offering scuba diving-related educational and recreational services, which was licensed to do business in the state of Utah and was conducting business in and around Bear Lake, Utah at certain times relevant to plaintiffs' Complaint herein.

4.    On information and belief, PADI is an organization which offers scuba diving-related educational and certification services to its members and others.

5.    Huber is an individual who worked for, owned and/or operated Blue Water at certain times relevant to the allegations contained in plaintiffs' Complaint.

6.    Douglas is an individual who worked for Huber and/or Blue Water at certain times relevant to the allegations contained in plaintiffs' Complaint.

## Jurisdiction

7.    Plaintiffs have asserted that BSA and BLBSAC are liable to plaintiffs for certain

actions allegedly taken by Blue Water, PADI, Huber and/or Douglas.

8.     BSA and BLBSAC seek indemnification and damages from Blue Water, PADI, Huber and Douglas in this crossclaim.

9.     This court has supplemental subject matter jurisdiction over the claims asserted in this crossclaim pursuant to 28 USC § 1367 because they are intimately related to plaintiffs' claims against BSA and BLBSAC.

## General Allegations

10.     Plaintiffs allege in their Complaint that BSA and BLBSAC are liable for actions which were allegedly taken by Blue Water, PADI, Huber and/or Douglas.

11.     While BSA and BLBSAC presently deny plaintiffs' claims asserted against them and deny for lack of sufficient knowledge or information the claims asserted against Blue Water, PADI, Huber and Douglas, if it is determined in this case that the allegations of the Complaint with respect to Blue Water, PADI, Huber and/or Douglas are true and BSA and/or BLBSAC has any liability to plaintiffs as a result of actions taken by Blue Water, PADI, Huber, and/or Douglas, BSA and BLBSAC have claims for indemnity and/or contribution against Blue Water, PADI, Huber, and/or Douglas.

## First Cause of Action

### (Equitable Indemnification Against Blue Water, PADI, Huber and Douglas)

12.     BSA and BLBSAC hereby incorporate by reference the allegations set forth in

paragraphs 1 through 11 as if fully set forth herein.

13.      Neither BSA nor BLBSAC is in any way responsible for the acts and omissions alleged in plaintiffs' Complaint.

14.      Any alleged liability of BSA or BLBSAC, if proven, and which is expressly denied, would be a direct and proximate result of the acts or omissions of Blue Water, PADI, Huber and/or Douglas.

15.      BSA and BLBSAC are entitled to indemnification from Blue Water, PADI, Huber, and Douglas for any sums assessed and/or paid as a result of any damages, judgments or other awards assessed and/or recovered against BSA and/or BLBSAC, and for all other loss or damage that BSA or BLBSAC may sustain because of any claims asserted against them herein, including costs and attorney's fees incurred or to be incurred, and any additional costs and expenses.

<u>**Second Cause of Action**</u>

**(Equitable Contribution Against Blue Water, PADI, Huber and Douglas)**

16.      BSA and BLBSAC hereby incorporate by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

17.      BSA and BLBSAC deny any responsibility or liability whatsoever with respect to the acts and omissions alleged in plaintiffs' Complaint.

18.      If BSA or BLBSAC is found in some manner to be liable, then any damages awarded against it would be proximately caused or contributed to by the conduct of Blue Water, PADI, Huber

and/or Douglas.

19.     Any negligence and/or fault or other culpable conduct of any party herein should be determined and pro rated such that neither BSA nor BLBSAC will be required to pay more than its prorated share of any judgment or other award, if any, and to pay only according to the degree of negligence and/or fault proven to be attributed directly to BSA or BLBSAC, which negligence and/or fault is expressly denied.

WHEREFORE BSA and BLBSAC pray for judgment against Blue Water, PADI, Huber and Douglas as follows:

1.     Awarding compensatory damages, if any are determined to exist;

2.     Awarding attorney's fees and costs, as appropriate; and

3.     Awarding such further relief as the court deems just and equitable

DATED this 7th day of September, 2012.

KIPP AND CHRISTIAN, P.C.


  /s/ Michael F. Skolnick
MICHAEL F. SKOLNICK
STEPHEN D. KELSON
Attorneys for Defendants Boy Scouts of America and Bear Lake Boy Scout Aquatic Camp

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 7<u>th</u> day of September, 2012, a true and correct copy of the

foregoing **ANSWER AND COUNTERCLAIM OF DEFENDANTS BOY SCOUTS OF**

**AMERICA AND BEAR LAKE BOY SCOUT AQUATIC CAMP**, was served upon the following

counsel via ECF court email or to be mailed via U.S. mail, postage prepaid:

Robert G. Gilchrist
EISENBERG GILCHRIST
215 South State Street, #900
Salt Lake City, Utah 84111
rgilchrist@braytonlaw.com

Alton J. Hall, Jr.
DELISE & HALL
516 West 21st Avenue
Covington Louisiana 70433
ahall@dahlaw.com

Gainer M. Waldbillig
FORD & HUFF, LLC
10542 S. Jordan Gateway, #300
South Jordan, Utah 84095
w@gainermw.com

                                        /s/ Bethany Mosier-Cassil