MICHAEL F. SKOLNICK - #4671
mfskolnick@kippandchristian.com
STEPHEN D. KELSON - #8458
skelson@kippandchristian.com
KIPP AND CHRISTIAN, P.C.
10 Exchange Place
Fourth Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
*Attorneys for Boy Scouts of America and*
*Great Salt Lake Council, Inc., Boy Scouts*
*of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL,<br><br>Plaintiffs.<br><br>v.<br><br>BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA,<br><br>Defendants. | **AMENDED ANSWER AND CROSSCLAIM OF DEFENDANTS BOY SCOUTS OF AMERICA AND GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA**<br><br><br>Case No.:   1:12-cv-00128<br><br>Judge Dee Benson |

Defendants Boy Scouts of America ("BSA") and Great Salt Lake Council, Inc., Boy Scouts of America ("GSLC"), by and through counsel, respond to the numbered paragraphs of plaintiffs' Complaint as follows:

1.      Deny for lack of sufficient knowledge or information.

2.      Deny for lack of sufficient knowledge or information.

3.      Deny any culpable conduct on the part of BSA or GSLC.   Deny the remainder of paragraph 3 for lack of sufficient knowledge or information.

4.      Deny any culpable conduct on the part of BSA or GSLC and deny plaintiffs are entitled to recover any damages from BSA or GSLC.   Deny the remainder of paragraph 4 for lack of sufficient knowledge or information.

5.      Deny that defendant Corbett Douglas ("Douglas) was a certified dive instructor and/or dive master for BSA or GSLC.   Deny that Douglas was an agent or employee of BSA or GSLC.   Deny any culpability on the part of BSA or GSLC for the alleged acts and omissions of Douglas.   Deny the remainder of paragraph 5 for lack of sufficient knowledge or information.

6.      Deny.

7.      Admit, on information and belief, that defendant Blue Water Scuba ("Blue Water") was licensed to do business and was conducting business in Utah, in or around Bear Lake, at certain times pertinent to plaintiffs' Complaint.   Deny the remainder of paragraph 7 for lack of sufficient knowledge or information.

8.      Admit GSLC is and was licensed to do business and conducts business in the state of Utah, and that GSLC was conducting its business in and around Bear Lake, Utah at certain times pertinent to plaintiffs' Complaint.   Deny the remainder of paragraph 8.

9.      Admit, on information and belief, that defendant Professional Association Diving Instructions ("PADI") was licensed to do business and/or was conducting business in Utah, in or around Bear Lake, at certain times pertinent to plaintiffs' Complaint.  Deny the remainder of paragraph 9 for lack of sufficient knowledge or information.

10.     Admit, on information and belief, that defendant Lowell Huber ("Huber") was licensed to do business and/or was conducting business in Utah, in or around Bear Lake, at certain times pertinent to plaintiffs' Complaint.   Deny the remainder of paragraph 10 for lack of sufficient knowledge or information.

11.     Admit the court has jurisdiction over the claims alleged in plaintiff's Complaint. Deny the remainder of paragraph 11.

12.     Admit venue is properly laid in the Central District of Utah.   Deny the remainder of paragraph 12.

13.     Admit David Christopher Tuvell died on or about July 13, 2011.  Deny David Christopher Tuvell was participating in a Discover Scuba Program offered by BSA or GSLC. Admit on information and belief that the Discover Scuba Program was offered by Huber and/or Blue Water through PADI, and conducted by PADI instructor and member Douglas and Blue Water.   Admit, on information and belief, that David Christopher Tuvell was diving under the

3

supervision, instruction and control of Douglas, Huber and/or Blue Water, and that Douglas was an employee or agent of PADI, Blue Water and/or Huber.   Deny that Douglas was an employee or agent of BSA or GSLC.   Deny David Christopher Tuvell relied upon any representations by BSA or GSLC, or that BSA or GSLC had any involvement or duty with respect to preparing and implementing a dive plan for David Christopher Tuvell or to oversee, monitor, manage or supervise the dive during which David Christopher Tuvell is alleged to have drowned.   Deny that BSA or GSLC provided or had any duty to provide equipment or teach any course with regard to said dive.   Deny any culpable conduct on the part of BSA or GSLC, or that David Christopher Tuvell died as a result of any culpable conduct on the part of BSA or GSLC.   Deny the remainder of paragraph 13 for lack of sufficient knowledge or information.

14.     Admit David Christopher died on or about July 13, 2011.   Deny any culpable conduct on the part of BSA or GSLC.   Deny the remainder of paragraph 14 for lack of sufficient knowledge or information.

15.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

16.     Admit, on information and belief.

17.     Deny Douglas was an employee or agent of BSA or GSLC.   Deny Douglas was a dive instructor or dive master for BSA or GSLC.   Deny the remainder of paragraph 17 for lack of sufficient knowledge or information.

18.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

19.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

20.     Paragraph 20 states a legal conclusion to which no response is required.   To the extent any response is required, deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

21.     Paragraph 21 states a legal conclusion to which no response is required.   To the extent any response is required, deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

22.     Deny BSA or GSLC violated any protocol.   Deny the remainder of paragraph 22 for lack of sufficient knowledge or information.

23.     Deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient or information with respect to the other named defendants.

24.     Paragraph 24 states a legal conclusion to which no response is required.   To the extent any response is required, deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

25.     Paragraph 25 states a legal conclusion to which no response is required.   To the extent any response is required, deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

26.     Deny with respect to BSA and GSLC. Deny for lack of sufficient knowledge or information with respect to the other named defendants.

27.     Deny with respect to BSA and GSLC. Deny for lack of sufficient knowledge or information with respect to the other named defendants.

28.     Deny.

29.     Deny for lack of sufficient knowledge or information.

30.     Deny for lack of sufficient knowledge or information.

31.     Deny.

32.     Deny for lack of sufficient knowledge or information.

33.     Deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

34.     Deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

35.     Deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

36.     Deny with respect to defendants BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

37.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 36 above.

38.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

39.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

40.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

41.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

42.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

43.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 42 above.

44.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

45.     Deny for lack of sufficient knowledge or information.

46.     Deny for lack of sufficient knowledge or information.

47.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

48.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 47 above.

49.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

50.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

51.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

52.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

53.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

54.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

55.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

56.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

57.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

58.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

59.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

60.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

61.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 60 above.

62.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

63.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

64.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 63 above.

65.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

66.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

67.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

68.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 67 above.

69.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

70.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

71.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

72.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 71 above.

73.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

74.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 73 above.

75.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

76.     Deny for lack of sufficient knowledge or information.

77.     Deny with respect to BSA and GSLC.   Deny for lack of sufficient knowledge or information with respect to the other named defendants.

78.     Deny for lack of sufficient knowledge or information.

79.     Defendants BSA and GSLC incorporate and reallege their responses 1 through 78 above.

80a-h.   Deny.

81.     Deny.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against BSA or GSLC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

To the extent the accident complained of was proximately caused by the acts or omissions of Blue Water, Huber, Douglas and/or PADI, fault should be apportioned to those parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages must be proven beyond a reasonable doubt.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages must be proven by clear and convincing evidence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is subject to the provisions and limitations contained in U.C.A. § 78-18-1.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is limited by the provisions of U.C.A. § 76-3-301.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which punitive damages can be awarded.

## NINTH AFFIRMATIVE DEFENSE

Punitive damages in this case are prohibited by at least the following provisions of the United States and Utah Constitutions:

The due process clauses (including substantive and procedural due process) of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the Utah Constitution;

The taking clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 22 of the Utah Constitution;

The equal protection clauses of the Fourteenth Amendment to the United States Constitution, and Article I, § 24 of the Utah Constitution;

The prohibitions against excessive fines and punishments contained in the Eighth Amendment to the United States Constitution and Article I, § 9 of the Utah Constitution;

The rights given an accused by the Fifth and Sixth Amendments to the United States Constitution, and Article I, §§ 12 and 13 of the Utah Constitution;

The prohibition of ex post facto laws contained in Article I, § 18 of the Utah Constitution; and,

The open courts provision, Article I, § 11 of the Utah Constitution.

Among the reasons an award of punitive damages in this case would violate these and other provisions of the United States and Utah Constitutions are the following:

> The standards of conduct and standards for awarding punitive damages are vague and ambiguous;
>
> Plaintiffs seek to punish defendants for the acts of another;
>
> These defendants have not been given the same protections and guarantees as criminal defendants, such as protection from self incrimination, charge upon adequately detailed information, proof beyond a reasonable doubt, etc.;
> The state's power to punish is not invoked for the purpose of serving the public good, nor is it controlled by prosecutorial discretion, but rather, the state's power is invoked, unchecked, for the private purpose of retribution and greed; and
>
> The threat of punishment will be used to chill defendants' access to open courts and extort a favorable civil resolution.

At a minimum, defendants must be given the protections and guarantees of an accused under criminal law.

## TENTH AFFIRMATIVE DEFENSE

Defendants BSA and GSLC did not act with actual malice, and any award of punitive damages is therefore barred.

## ELEVENTH AFFIRMATIVE DEFENSE

As a matter of law, punitive damages may not be awarded in this case because any outrageous and malicious conduct, if any, and any is expressly denied, is likely to be deterred by other means.

## TWELFTH AFFIRMATIVE DEFENSE

Any allegation not specifically admitted herein is deemed denied.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants BSA and GSLC state that they have, or may have, further and additional affirmative defenses which are not yet known, but which may become known through future discovery.  Defendants BSA and GSLC assert each and every affirmative defense as may be ascertained through future discovery in this case.

WHEREFORE, having responded to plaintiffs' Complaint, Defendants BSA and GSLC , by and through counsel, request that:

1.      Plaintiffs' Complaint be dismissed with prejudice and on the merits, as against Defendants BSA and GSLC, and that plaintiffs takes nothing thereby;

2.      Defendants BSA and GSLC be awarded their attorney's fees and costs incurred in defending plaintiffs' Complaint; and

3.      For such other relief as the court deems just and equitable.

## CROSSCLAIM

Defendants Boy Scouts of America ("BSA") and Great Salt Lake Council, Inc., Boy Scouts of America ("GSLC"), by and through counsel, hereby crossclaim against defendants Lowell Huber ("Huber") and Blue Water Scuba ("Blue Water"), as follows:

### Description of Parties

1.      BSA is a charitable organization chartered by the Congress of the United States, which maintains its principal place of business in Irving, Texas.

2.      GSLC is a local council of BSA, and owns and operates the Bear Lake Boy Scout Aquatic Camp ("BLBSAC").

3.      Huber is an individual who worked for, owned and/or operated Blue Water at certain times relevant to the allegations contained in plaintiffs' Complaint.

4.      On information and belief, Huber, doing business as Blue Water, and operating under the name Blue Water S.C.U.B.A. of Logan, offered scuba diving-related educational and recreational services, was licensed to do business in the state of Utah, and was conducting business in and around Bear Lake, Utah at certain times relevant to plaintiffs' Complaint herein.

5.      Corbett Douglas ("Douglas") is an individual who was employed by Huber and/or Blue Water, in the capacity of a dive instructor, at certain times relevant to the allegations contained in plaintiffs' Complaint.

### Jurisdiction

6.      BSA and GSLC seek indemnification and damages from Blue Water and Huber in this crossclaim.

7.      This court has supplemental subject matter jurisdiction over the claims asserted in this crossclaim pursuant to 28 USC § 1367 because they are intimately related to plaintiffs' claims against BSA and GSLC.

**General Allegations**

8.     Plaintiffs allege in their Complaint that BSA and GSLC are liable for actions which were allegedly taken by Blue Water, Huber and/or Douglas.

9.     While BSA and GSLC presently deny plaintiffs' claims asserted against them and deny for lack of sufficient knowledge or information the claims asserted against Blue Water, Huber and Douglas, if it is determined in this case that the allegations of the Complaint with respect to Blue Water, Huber and/or Douglas are true, and BSA and/or GSLC has any liability to plaintiffs as a result of actions taken by Blue Water, Huber, and/or Douglas, BSA and GSLC have claims against Blue Water, Huber, and/or Douglas.

10.     GSLC and Blue Water/Huber entered into a written contract (the "Contract") on July 5, 2010, for the purpose of establishing quality S.C.U.B.A. and snorkeling programs for participants of the BLBSAC during the 2010 summer camping season.

11.     Pursuant to the Contract, Blue Water and Huber contracted and agreed to perform, inter alia, the following duties:

> a.     To provide all equipment and facilities necessary to provide Blue Water's programs;
>
> b.     To provide for the upkeep and care of said equipment and facilities;
>
> c.     To provide scuba diving and snorkeling instruction to participants to fulfill the requirements of Discover Scuba, Scuba Diving Merit Badge (which

16

includes PADI open water certification) and Snorkeling patch as found in the official BSA publications;

d.   To provide its class schedules to coincide with BLBSAC, subject to weather, the number of boys enrolled, and safety concerns;

e.   To observe all  BSA safety rules and policies in the operation of Blue Water's programs; and

f.   To provide GSLC with evidence of liability insurance in the amount of $2,000,000.00, and naming GSLC as an additional insured on the policy.

12.   The Contract was renewable annually upon the agreement of both GSLC and Blue Water.

13.   In or about July 2011, Blue Water and Huber commenced providing S.C.U.B.A and snorkeling programs at BLBSAC for the 2011 summer camp season.

14.   Neither Blue Water nor Huber proposed any new or different contract (in place of the Contract) for provision of scuba diving instruction at BLBSAC during the 2011 summer camp season.

15.   Neither Blue Water nor Huber named GSLC as an additional insured on any policy of liability insurance applicable during the 2011 summer camp season.

17

## First Cause of Action

### (Breach of Contract Against Huber and Blue Water)

16.     GSLC hereby incorporates by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

17.     GSLC entered into a contract in 2010 with Blue Water/Huber for certain services and materials for the purpose of establishing scuba and snorkeling programs for participants of BLBSAC.

18.     The Contract renewed in 2011, through mutual assent and conduct.

19.     Huber and Blue Water agreed to certain contractual duties by entering into the Contract.

20.     On information and belief, Huber and Blue Water may have breached the Contract by failing to observe all BSA safety rules and policies in the operation of Blue Water's programs, and in other material respects.   At a minimum, Huber and Blue Water breached the Contract by failing to name GSLC as an additional insured on Blue Water's insurance policy in 2011.

21.     As a result of Huber and Blue Water's breaches, and as a direct and proximate result thereof, GSLC has been damaged in sums that may be assessed and/or paid as a result of any damages, judgments or other awards assessed and/or recovered against GSLC, and for all other loss or damage that GSLC may sustain because of any claims asserted against them herein, including costs and attorney's fees incurred or to be incurred, and any additional costs and expenses.

## Second Cause of Action

**(Respondeat Superior Against Huber and Blue Water)**

22.     GSLC hereby incorporates by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23.     Douglas was employed by Blue Water/Huber as a dive instructor during the 2011 summer camp season.

24.     At all times described in the plaintiffs' complaint, Douglas was acting within the course and scope of his employment with Huber/Blue Water, performing duties and providing services and materials on behalf of Huber/Blue Water's scuba program for which he was employed, during the hours and at the location of his employment with Huber/Blue Water.

25.     Huber and Blue Water are vicariously liable for the direct and proximate result of any negligence and/or fault or other culpable conduct on the part of Douglas, giving rise to plaintiffs' damages.

26.     As a direct and proximate result of any negligence and/or fault or other culpable conduct on the part of Douglas, GSLC has been damaged in sums that may be assessed and/or paid as a result of any damages, judgments or other awards assessed and/or recovered against GSLC, and for all other loss or damage that GSLC may sustain because of any claims asserted against them herein, including costs and attorney's fees incurred or to be incurred herein, and any additional costs and expenses, for which Huber and Blue Water are vicariously liable.

### Third Cause of Action

**(Indemnification Against Huber and Blue Water)**

27.      GSLC hereby incorporates by reference the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28.      Neither BSA nor GSLC is in any way responsible for the acts and omissions alleged in plaintiffs' Complaint.

29.      Huber and Blue Water agreed to certain contractual duties by entering into the Contract with GSLC, including the requirement to observe all  BSA safety rules and policies in the operation of Blue Water's programs and to name GSLC as an additional insured under Blue Water's liability insurance policy.

30.      On information and belief, Huber and Blue Water may have breached the Contract by failing to observe all BSA safety rules and policies in the operation of Blue Water's programs, and in other material respects.   At a minimum, Huber and Blue Water breached the Contract by failing to name GSLC as an additional insured on Blue Water's insurance policy.

31.      Any alleged liability of BSA or GSLC, if proven, and which is expressly denied, would be a direct and proximate result of the acts or omissions of Huber, Blue Water, and/or Douglas, for which Huber and Blue Water are contractually responsible.

32.      If BSA or GSLC is found in some manner to be liable, then any judgment awarded against BSA and/or GSLC would be proximately caused or contributed to by the conduct of Huber, Blue Water, and/or Douglas.

33.     Pursuant to Utah Code Ann. § 78B-5-823, GSLC is entitled to indemnification from Huber and Blue Water, for any sums assessed and/or paid as a result of any damages, judgments or other awards assessed and/or recovered against GSLC, and for all other loss or damage that GSLC may sustain because of any claims asserted against them herein, including costs and attorney's fees incurred or to be incurred herein, and any additional costs and expenses.

WHEREFORE BSA and GSLC pray for judgment against Huber and Blue Water, as follows:

1.     Awarding compensatory damages, if any are determined to exist;

2.     Awarding attorney's fees and costs, as appropriate; and

3.     Awarding such further relief as the court deems just and equitable.

DATED this 24th day of January, 2013.

KIPP AND CHRISTIAN, P.C.


____/s/ Michael F. Skolnick_____
MICHAEL F. SKOLNICK
STEPHEN D. KELSON
*Attorneys for Boy Scouts of America and Great Salt Lake Council, Inc., Boy Scouts of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2013, a true and correct copy of the foregoing **AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANTS BOY SCOUTS OF AMERICA AND BEAR LAKE BOY SCOUT AQUATIC CAMP**, was served upon the following counsel via ECF court email or to be mailed via U.S. mail, postage prepaid:

Robert G. Gilchrist
EISENBERG GILCHRIST
215 South State Street, #900
Salt Lake City, Utah 84111
rgilchrist@braytonlaw.com

Gainer M. Waldbillig
FORD & HUFF, LLC
10542 S. Jordan Gateway, #300
South Jordan, Utah 84095
w@gainermw.com

Roger H. Bullock
 S. Spencer Brown
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah 84108
rbullock@strongandhanni.com
sbrown@strongandhanni.com

Alton J. Hall, Jr.
DELISE & HALL
516 West 21st Avenue
Covington Louisiana 70433
ahall@dahlaw.com

Mark Hruska
THE SCHWARTZ LAW GROUP
6751 North Federal Highway, Suite 400
Boca Raton, FL 33487
mah@theschwartzlawgroup.com

Nancy Thomas _____