Gainer M. Waldbillig, (Utah Bar No. 4433)
w@gainermw.com
**W | LAW**
175 South Main Street, Suite 1600
Salt Lake City, Utah 84111
(801) 532-8585

David G. Concannon, (Pa. Bar No. 61483; N.J. Bar No. 008511991)
david@davidconcannon.com
Matthew T. Charles, (Pa. Bar No. 207005; N.J. Bar No. 032032007)
matt@davidconcannon.com
**LAW OFFICES OF DAVID G. CONCANNON, LLC**
200 Eagle Road, Suite 116
Wayne, Pennsylvania 19087
(610) 293-8084

Jonathan Z. Cohen (Pa. Bar No. 205941; N.J. Bar No. 027242007)
jzc@jzc-law.com
**JONATHAN Z. COHEN LTD.**
303 West Lancaster Avenue # 144
Wayne, Pennsylvania 19087
(484) 580-8878

*Attorneys for Blue Water Scuba, Lowell Huber, and Corbett Douglas*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL, <br><br>     Plaintiffs <br><br> vs. <br><br> BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS, BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, and GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA <br><br>     Defendants. | **ANSWER TO COMPLAINT WITH JURY DEMAND AND CROSSCLAIM AGAINST BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS, AND GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA** <br><br> **No. 1:12CV00128 DB** <br> **Judge Dee Benson** |

Defendants Blue Water Scuba, Lowell Huber, and Corbett Douglas (collectively "Blue Water Defendants") hereby file this Answer, Jury Demand, and Crossclaim.

## "PARTIES"

1.     Blue Water Defendants admit that the Estate of Christopher Tuvell is a Plaintiff in this case.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any of the remaining allegations contained in Paragraph No. 1.

2.     Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any of the allegations contained in Paragraph No. 2.

3.     Blue Water Defendants deny engaging in any of the culpable conduct alleged in Paragraph No. 3.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 3.

4.     Blue Water Defendants deny engaging in any of the culpable conduct alleged in Paragraph No. 4.  Blue Water Defendants deny that the Estate of David Christopher Tuvell is entitled to recovery for any of the relief alleged in Paragraph No. 4.  Blue Water Defendants admit that Christopher Joseph Tuvell and Sherry Lynn Tuvell are seeking recovery in this lawsuit.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 4.

5.     Blue Water Defendants admit the following:  Mr. Douglas was and is a resident of the State of Utah; Mr. Douglas was and is a master diver; Mr. Douglas was a PADI-certified dive instructor; Mr. Douglas was a certified dive instructor and dive master for Blue Water Scuba, Mr. Huber, and Great Salt Lake Council, Inc., Boy Scouts of America ("GSLC"); Mr. Douglas supervised, instructed, and monitored students and novice divers such as David Christopher

Tuvell, including conducting dives as part of the Discover Scuba Program; Mr. Douglas had a relationship to the dive in question; Mr. Douglas had a connection to various Defendants; Mr. Douglas has functioned as a master diver and certified instructor and dive master for Blue Water Scuba and Mr. Huber; and Mr. Douglas has functioned as a PADI-certified instructor.  Blue Water Defendants deny the following:  Mr. Douglas is a PADI-certified dive instructor; Mr. Douglas is a certified dive instructor or dive master for Boy Scouts of America ("BSA"), Blue Water Scuba, Mr. Huber, or GSLC; Mr. Douglas is an agent or employee of any of Defendants; Mr. Douglas engaged in any culpable conduct; Mr. Douglas was acting on behalf of anyone or anything except as a volunteer for GSLC; Mr. Douglas failed in any regard with respect to the dive in question, David Christopher Tuvell, or the actual dive; and Mr. Douglas has individual or culpable liability.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 5.

      **6.**     Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations contained in the first sentence of Paragraph No. 6.  Blue Water Defendants admit that Plaintiffs make the allegations contained in the second sentence of Paragraph No. 6, but deny the substance of those allegations.

      **7.**     Blue Water Defendants admit the following:  Blue Water Scuba was licensed to do business in Utah, was conducting business in the State of Utah, and was conducting business at Bear Lake, Utah; Blue Water Scuba is conducting business in the State of Utah; and Plaintiffs make the allegations contained in the second sentence of Paragraph No. 7.  Blue Water Defendants deny any remaining allegations contained in Paragraph No. 7.

**8.**     Blue Water Defendants admit that GSLC is licensed to do business, was conducting business in the State of Utah, and was conducting business in and around Bear Lake, Utah.  Blue Water Defendants admit that Plaintiffs make the allegations contained in the second sentence of Paragraph No. 8. Blue Water Defendants lack knowledge or information sufficient to form a belief about any remaining allegations contained in Paragraph No. 8.

**9.**     Blue Water Defendants admit that Plaintiffs make the allegations contained in the second sentence of Paragraph No. 9.  Blue Water Defendants lack knowledge or information sufficient to form a belief about any remaining allegations contained in Paragraph No. 9.

**10.**     Blue Water Defendants admit that Mr. Huber resides in and does business in Logan, Utah; was an employer of Mr. Douglas prior to 2011; and is the owner, operator, and/or manager of Blue Water Scuba.  Blue Water Defendants admit that Plaintiffs make the allegations contained in the second sentence of Paragraph No. 10, but deny the substance of all such allegations.  Blue Water Defendants lack knowledge or information sufficient to form a belief about any remaining allegations contained in Paragraph No. 10.

### "JURISDICTION AND VENUE"

**11.**     Blue Water Defendants admit that this is a civil action.  Blue Water Defendants lack knowledge or information sufficient to form a belief about any remaining allegations contained in Paragraph No. 11.

**12.**     Blue Water Defendants admit that some of the events that Plaintiffs believe to have given rise to the Complaint occurred in Utah.  Blue Water Defendants lack knowledge or information sufficient to form a belief about any remaining allegations contained in Paragraph No. 12.

**13.**   <u>Blue Water Defendants admit the following</u>:  that David Christopher Tuvell died on or about July 13, 2011; that he was involved in a fatal scuba diving incident occurring at Bear Lake, Utah; that he was participating in a Discover Scuba program offered by GSLC, Lowell Huber, and/or Blue Water Scuba through Defendant Professional Association of Diving Instructors ("PADI"); that the course was conducted by former PADI instructor and member Mr. Douglas and Blue Water Scuba; that Mr. Douglas was a PADI-certified dive instructor; that David Christopher Tuvell was diving under the supervision and instruction of Mr. Douglas and GSLC; that the Discover Scuba course is defective, but not as taught by Blue Water Defendants; and that GSLC failed to properly supervise David Christopher Tuvell.  <u>Blue Water Defendants deny the following</u>:  that it was possible for Mr. Douglas or anyone in Mr. Douglas' position to fully control David Christopher Tuvell; that Mr. Douglas was an employee or agent of PADI, BSA, Blue Water Scuba, Mr. Huber, or GSLC; that Blue Water Defendants failed to prepare or implement an adequate dive plan; that Blue Water Defendants failed to ensure that David Christopher Tuvell was properly equipped, dressed, or weighted; that Blue Water Defendants provided defective equipment or teaching aids; that Blue Water Defendants failed to properly instruct, supervise, or assist David Christopher Tuvell; that Blue Water Defendants failed to monitor, manage, or supervise David Christopher Tuvell's air supply; that Blue Water Defendants abandoned David Christopher Tuvell or failed to aid or properly rescue David Christopher Tuvell once an emergency situation arose; that Blue Water Defendants failed to ensure, prior to the dive, that David Christopher Tuvell's air supply and equipment were adequate for the dive; that the Discover Scuba course was defective as taught by Blue Water Defendants; and that Blue Water Defendants engaged in any culpable conduct leading to the

death of David Christopher Tuvell. <u>Blue Water Defendants lack knowledge or information</u> <u>sufficient to form a belief about the truth of any remaining allegations contained in Paragraph</u> <u>No. 13</u>.

14.     Blue Water Defendants admit that David Christopher Tuvell died after a scuba diving accident on or about July 13, 2011 and that PADI engaged in culpable conduct prior to the dive.  Blue Water Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph No. 14.

15.     Blue Water Defendants admit that David Christopher Tuvell was participating in a DSD course offered by GSLC through PADI and conducted by former PADI instructor and member, Mr. Douglas, and by Mr. Huber; that the DSD course is a PADI-sanctioned program that was designed, partly, to introduce people to scuba diving; and that the DSD program is itself inherently and unreasonably dangerous.  Blue Water Defendants deny that Blue Water Scuba conducted the DSD course; that the DSD program is designed to introduce people to scuba diving in a highly supervised or controlled manner; and that the teaching materials associated with the DSD program are unreasonably dangerous.  Blue Water Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph No. 15.

16.     Blue Water Defendants admit that Mr. Douglas was a PADI dive instructor and dive master at the time of the dive.

17.     <u>Blue Water Defendants admit the following</u>:  that Mr. Douglas possessed a certification; that he was a dive instructor and a dive master volunteering with the GSLC; that he was a PADI-certified dive instructor; that he supervised, instructed, and monitored students and

novice divers; and that he conducted DSD courses.  <u>Blue Water Defendants deny the following</u>: that Mr. Douglas had any of the legal duties alleged in Paragraph No. 17; that Mr. Douglas was ever an employee or agent of BSA, GSLC, or PADI; that Mr. Douglas was an employee or agent of Blue Water Scuba or Mr. Huber in 2011; that Mr. Douglas was ever a dive instructor or dive master for BSA or GSLC; that Mr. Douglas was a dive instructor or dive master for Blue Water Scuba or Lowell Huber in 2011; and that Mr. Douglas presently has any of the duties or obligations alleged in Paragraph No. 17.  <u>Blue Water Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph No. 17</u>.

18.     Blue Water Defendants deny that any of them owed any duty of care alleged in Paragraph No. 18.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 18.

19.     Blue Water Defendants deny that Mr. Douglas owed any of the duties alleged in Paragraph No. 19 and deny that—if he did owe any such duties—that he failed to fulfill any of them. Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 19.

20.     Blue Water Defendants admit that Mr. Douglas was an experience dive master and instructor. Blue Water Defendants deny any remaining allegations contained in Paragraph No. 20.

21.     Blue Water Defendants deny all allegations contained in Paragraph No. 21.

22.     Blue Water Defendants deny all allegations contained in Paragraph No. 22.

23.     Blue Water Defendants deny all allegations contained in Paragraph No. 23.

24.     Blue Water Defendants deny that they are liable under the Utah Wrongful Death statute or any other cause of action alleged in Paragraph No. 24.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 24.

25.     Blue Water Defendants deny that they violated any duties alleged in Paragraph No. 25.  Blue Water Defendants admit that PADI violated some of the duties alleged in Paragraph No. 25.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 25.

26.     Blue Water Defendants deny that anything that they did or did not do—as alleged in Paragraph No. 26—were proximate causes or substantial factors in causing any injury, pain, suffering, the death of David Christopher Tuvell, or any damages to Plaintiffs.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 26.

27.     Blue Water Defendants deny all allegations contained in Paragraph No. 27.

28.     Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations contained in Paragraph No. 28.

29.     Blue Water Defendants deny all allegations contained in Paragraph No. 29.

30.     Blue Water Defendants deny all allegations contained in Paragraph No. 30.

31.     Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations contained in Paragraph No. 31.

32.     Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations contained in Paragraph No. 32.

**33.**   <u>Blue Water Defendants admit the following</u>:  The curriculum completed by David Christopher Tuvell was negligently designed by PADI; GSLC failed to have in place certain safety procedures; and PADI failed to establish certain standards for the conduct of DSD dives in a safe manner.   <u>Blue Water Defendants deny the following</u>:  Blue Water Defendants failed to have in place safety procedures in planning or conducting said dives, failed to establish standards for the conduct of said dives in a safe manner and/or for the assistance and review of divers who needed more aid and supervision, and failed to properly vet and supervise Mr. Douglas; Mr. Douglas was conducting said dive as an agent of the other Defendants; and Blue Water Defendants are liable due to any culpable conduct alleged in Paragraph No. 33.   <u>Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 33.</u>

**34.**   Blue Water Defendants deny that they engaged in any culpable acts and deny that they did anything or failed to do anything that was a direct or proximate cause of any injuries or death suffered by David Christopher Tuvell, as alleged in Paragraph No. 34.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 34.

**35.**   Blue Water Defendants admit that there was an accident.  Blue Water Defendants deny the following:  having engaged in any culpable conduct alleged in Paragraph No. 35; that anything Blue Water Defendants did or did not do caused the accident or any agony, pain, suffering, knowledge, or emotional distress alleged in Paragraph No. 35; and that the Estate of David Christopher Tuvell is entitled to recover for any of the causes of action or damages alleged

in Paragraph No. 35.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 35.

36.     Blue Water Defendants deny taking any actions that directly or proximately resulted in the death of David Christopher Tuvell.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 36.

## "FIRST CLAIM FOR RELIEF"

"(Negligence—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Great Salt Lake Council, Inc.)"

37.     All of the above-stated responses to the Complaint are incorporated herein by this reference.

38.     Blue Water Defendants admit that PADI was negligent and committed acts and/or omissions which led to the accident that occurred and caused the death of David Christopher Tuvell.  Blue Water Defendants deny that they were negligent or committed acts and/or omissions which led to the accident that occurred and caused the death of David Christopher Tuvell.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 38.

39.     Blue Water Defendants deny that they owed any of the duties of care alleged in Paragraph No. 39.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 39.

**40.**     Blue Water Defendants deny that any of them breached any duties of care or that any of them were negligent as alleged in Paragraph No. 40.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 40.

**41.**     Blue Water Defendants deny that any of them breached any duty of care alleged in Paragraph No. 41 or that any of them caused the death of David Christopher Tuvell.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 41.

**42.**     Blue Water Defendants deny that any of them breached any duties; deny that any of them they were negligent; and deny that Plaintiffs have been injured as a direct result of anything that any of Blue Water Defendants did or did not do.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 42.

**"SECOND CLAIM FOR RELIEF"**

"(Strict Product Liability—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas, and Great Salt Lake Council, Inc.)"

**43.**     The Court dismissed Plaintiffs' Second Claim for Relief on May 29, 2013, and thus no response is necessary.

**44.**     The Court dismissed Plaintiffs' Second Claim for Relief on May 29, 2013, and thus no response is necessary.

**45.**     The Court dismissed Plaintiffs' Second Claim for Relief on May 29, 2013, and thus no response is necessary.

**46.**     The Court dismissed Plaintiffs' Second Claim for Relief on May 29, 2013, and thus no response is necessary.

**47.**     The Court dismissed Plaintiffs' Second Claim for Relief on May 29, 2013, and thus no response is necessary.

### "THIRD CLAIM FOR RELIEF"

"(Failure to Warn—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas and Great Salt Lake Council, Inc.)"

**48.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**49.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**50.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**51.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**52.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**53.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**54.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**55.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**56.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**57.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**58.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**59.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**60.**     The Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

**"FOURTH CLAIM FOR RELIEF"**

"(Breach of Express Warranties—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas and Great Salt Lake Council, Inc.)"

**61.**     All of the above-stated responses to the Complaint are incorporated herein by this reference.

**62.**     Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations contained in Paragraph No. 62.

13

**63.**    If Blue Water Defendants made any express warranties as alleged in Paragraph No. 63, then they deny breaching the same and deny that anything that they did or did not do proximately caused the death of David Christopher Tuvell or whatever resulting damages that Plaintiffs may have.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 63.

**"FIFTH CLAIM FOR RELIEF"**

"(Breach of Implied Warranty of Merchantability—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas and Great Salt Lake Council, Inc.)"

**64.**    The Court dismissed Plaintiffs' Fifth Claim for Relief on May 29, 2013, and thus no response is necessary.

**65.**    The Court dismissed Plaintiffs' Fifth Claim for Relief on May 29, 2013, and thus no response is necessary.

**66.**    The Court dismissed Plaintiffs' Fifth Claim for Relief on May 29, 2013, and thus no response is necessary.

**67.**    The Court dismissed Plaintiffs' Fifth Claim for Relief on May 29, 2013, and thus no response is necessary.

**"SIXTH CLAIM FOR RELIEF"**

"(Breach of Implied Warranty of Fitness for a Particular Purpose—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas and Great Salt Lake Council, Inc.)"

**68.**     The Court dismissed Plaintiffs' Sixth Claim for Relief on May 29, 2013, and thus no response is necessary.

**69.**     The Court dismissed Plaintiffs' Sixth Claim for Relief on May 29, 2013, and thus no response is necessary.

**70.**     The Court dismissed Plaintiffs' Sixth Claim for Relief on May 29, 2013, and thus no response is necessary.

**71.**     The Court dismissed Plaintiffs' Sixth Claim for Relief on May 29, 2013, and thus no response is necessary.

## "SEVENTH CLAIM FOR RELIEF"

"(Punitive Damages—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas and Great Salt Lake Council, Inc.)"

**72.**     All of the above-stated responses to the Complaint are incorporated herein by this reference.

**73.**     Blue Water Defendants deny all of the following:  that any of their conduct was in reckless disregard of any foreseeable consequences or the interests of other persons; that any of their conduct calls for the imposition of punitive damages in any amount; and that any of their conduct was culpable.  Blue Water Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph No. 73.

**"EIGHTH CLAIM FOR RELIEF"**

"(Products Liability—Against Boy Scouts of America, Professional Association of Dive Instructors ('PADI'), Blue Water Scuba, Lowell Huber, Corbett Douglas and Great Salt Lake Council, Inc.)"

74.      The Court dismissed Plaintiffs' Eighth Claim for Relief on May 29, 2013, and thus no response is necessary.

75.      The Court dismissed Plaintiffs' Eighth Claim for Relief on May 29, 2013, and thus no response is necessary.

76.      The Court dismissed Plaintiffs' Eighth Claim for Relief on May 29, 2013, and thus no response is necessary.

77.      The Court dismissed Plaintiffs' Eighth Claim for Relief on May 29, 2013, and thus no response is necessary.

78.      The Court dismissed Plaintiffs' Eighth Claim for Relief on May 29, 2013, and thus no response is necessary.

**"NINTH CLAIM FOR RELIEF"**

"(Premises Liability—Against Great Salt Lake Council, Inc.)"

79.      The Ninth Claim for Relief is not directed against Blue Water Defendants, and thus no response is necessary.

80.      The Ninth Claim for Relief is not directed against Blue Water Defendants, and thus no response is necessary.

81.      The Ninth Claim for Relief is not directed against Blue Water Defendants, and thus no response is necessary.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief fail to state claims upon which relief can be granted against Blue Water Defendants.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' damages, if any, were solely and proximately caused by the negligence or other legal fault of David Christopher Tuvell, the claims are barred or reduced.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' damages, if any, were solely and proximately caused by the negligence or other legal fault of themselves, the claims are barred or reduced.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Blue Water Defendants made any express warranties to David Christopher Tuvell or Plaintiffs, any affirmation of fact or promise made by Blue Water Defendants was not part of the basis of the bargain.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Blue Water Defendants made any express warranties to David Christopher Tuvell or Plaintiffs, neither David Christopher Tuvell nor Plaintiffs relied on such warranties.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Douglas is immune to any and all liability arising out of the allegations in the Complaint under the Volunteer Protection Act, 42 U.S.C. § 14501 et seq. and Utah Code Ann. § 78B-4-101 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of release.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Seventh Claim for Relief, Punitive Damages, cannot be pled as an independent cause of action.

## ELEVENTH AFFIRMATIVE DEFENSE

Any actions or failures to act by Blue Water Defendants were not willful or malicious or intentionally fraudulent; nor did they manifest a knowing or reckless indifference toward, and a disregard of, the rights of others.  Therefore, Plaintiffs' Seventh Claim for Relief, Punitive Damages, must fail.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that this action is barred by the doctrine of primary assumption of risk and the inherent risks of the activity, Blue Water Defendants did not owe David Christopher Tuvell or Plaintiffs any duty.  In addition, to the extent that David Christopher Tuvell voluntarily assumed the risk and hazard of the accident and his death, the claims herein should be barred or damages reduced.

## THIRTEENTH AFFIRMATIVE DEFENSE

While Blue Water Defendants specifically deny any negligence or fault, the amount of damages for which the Blue Water Defendants may be held liable—if any—to Plaintiffs is limited to the percentage or proportion of damages equivalent to the percentage or proportion of fault, if any, attributable to Blue Water Defendants. Accordingly, the percentage or proportion of fault for all individuals, parties, or other persons or entities who may have caused or contributed to the cause of Plaintiffs' damages, should be determined by the Court or other finder of fact.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the damages of David Christopher Tuvell or Plaintiffs—if any—were proximately caused by negligence or other legal fault of David Christopher Tuvell or Plaintiffs that was equal to or greater than the negligence—if any—of Blue Water Defendants, other defendants or third parties, than their claims may be barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be subject to dismissal or other sanctions to the extent that evidence has been altered, destroyed, or not preserved.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' damages—if any—were proximately caused by negligence or other legal fault of third parties over whom Blue Water Defendants had neither control nor the right to control, then Blue Water Defendants are not liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that the proximate cause of Plaintiffs' damages was David Christopher Tuvell's own unreasonable use, assumption of risk, fault and/or misuse of any products, they may not recover or their recovery may be reduced.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are barred to the extent that they are the result of intervening, superseding, or unforeseeable causes for which Blue Water Defendants cannot be held liable.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred pursuant to applicable warranties and/or warnings.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have asserted allegations and claims against Blue Water Defendants without factual basis, in bad faith, and/or without legal basis, then Blue Water Defendants are entitled to sanctions including its attorneys' fees and costs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Blue Water Defendants are not liable to the extent that Plaintiffs have failed to mitigate their damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by failure to provide proper notice and pursuant to express limitations and conditions precedent contained in any applicable warranties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred pursuant to applicable warranties and/or warnings.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Blue Water Defendants are not liable to the extent that they behaved with the care an ordinarily prudent person would have exercised when confronted with imminent danger to another person.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Blue Water Defendants are not liable to the extent that the "sudden emergency" doctrine applies to Mr. Douglas' conduct during the dive, under Utah law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have not made any allegation in their Complaint as to justify a prayer for relief that includes punitive damages.  Furthermore, any claim for punitive damages is governed and limited by Utah and federal law.  Plaintiffs' prayer for punitive damages violates Defendants' rights under the Utah and U.S. Constitutions including the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 11, 18, 22, and 24 of the Utah Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Even assuming that any claim and/or awards for punitive damages are constitutional, Utah Code Ann. § 78B-8-201 limits any basis and amount of award including Plaintiffs' evidentiary requirements.  Moreover, any imposition of punitive damages against Blue Water Defendants in this case without proper allocation of fault would also run afoul of the purpose behind such damage awards.  To the extent that it is proved that the incident was a mere accident, any award of punitive damages would be in violation of the Utah Code and U.S. Constitutions.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:  that Plaintiffs' Complaint be dismissed with prejudice on the merits and that Plaintiffs take nothing therefrom; that Defendants be awarded their costs incurred hereunder; and for such other and further relief as this Court deems just and proper including costs and attorneys' fees where appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Blue Water Defendants demand a trial by jury.

## ALLOCATION OF FAULT

Blue Water Defendants are entitled to a determination of the proportion of fault attributable to them and others, including other parties, pursuant to Utah Code Ann. §§ 78B-5-818 and 819 and a limitation on liability in proportion to Blue Water Defendants' fault, if any, pursuant to Utah Code Ann. § 78B-5-818–820.

Blue Water Defendants identify David Christopher Tuvell, Plaintiffs, BSA, PADI, and GSLC as parties who were or may have been at fault in causing any of the claimed damages of Plaintiffs.  Plaintiffs' Complaint alleges the basis by which Plaintiffs contend that Blue Water Defendants and other Defendants were at fault.  For purposes of allocation of fault only and without admitting the allegations, Plaintiffs' Complaint contains the identity of the parties and the basis for allocation.

Pursuant to DUCivR 9-1(a), Blue Water Defendants seek to allocate fault to the following nonparties on the following grounds:

1.      **Matthew Perry.** Mr. Perry, of Las Vegas, Nevada, was David Christopher Tuvell's dive buddy, and thus had a duty to look after David Christopher Tuvell.  Mr. Perry failed to do so, and may have kicked the mask and regulator away from David Christopher Tuvell's face, precipitating the latter to drown.  Mr. Perry may be liable for negligence.

2.      **LaMotte Pediatrics LLP d/b/a Anthem Hills Pediatrics.** Anthem Hills Pediatrics, of Henderson, Nevada, negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

**3.**      **Kim LaMotte-Malone M.D. Professional Corporation d/b/a Anthem Hills Pediatrics.**  Anthem Hills Pediatrics, of Henderson, Nevada, negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

**4.**      **Brian Shrawder.**  Mr. Shrawder was a Physician's Assistant employed by Anthem Hills Pediatrics who negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

**5.**      **Kim LaMotte-Malone M.D.**  Dr. Malone, of Henderson, Nevada is the Managing Partner of LaMotte Pediatrics LLP. She may not have adequately supervised Mr. Shrawder, who negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

## CROSSCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Blue Water Defendants hereby crossclaim against Defendants BSA, PADI, and GSLC.

### GENERAL ALLEGATIONS

1.      Plaintiffs have filed a Complaint making various allegations and related claims against all Defendants, seeking damages for alleged injuries arising out of an accident involving David Christopher Tuvell's scuba diving excursion at the Bear Lake Boy Scout Aquatic Camp. The Complaint's allegations are incorporated herein for the sole purpose of demonstrating the claims against all Defendants and without admitting the truthfulness of that pleading.

2.      Plaintiffs allege that all Defendants were at fault and that such fault was the proximate cause of David Christopher Tuvell's death and Plaintiffs' alleged injuries.  Plaintiffs also claim that all Defendants are strictly liable under products liability theory.

3.      Blue Water Defendants are entitled to have fault apportioned on the basis and as a result of Plaintiffs' allegations of fault against BSA, PADI, and GSLC in causing the incident and Plaintiffs' damages.

4.      This Crossclaim arises out of the same alleged, above-referenced incident that is the subject matter of Plaintiffs' Complaint.

5.      To the extent that this Court has jurisdiction over Plaintiffs' claims, it has jurisdiction over Blue Water Defendants' Crossclaim.

6.      To the extent that venue is properly situated in the Central District of Utah, such venue is also proper with respect to Blue Water Defendants' Crossclaim.

## CLAIM FOR RELIEF

(Apportionment/Allocation of Fault against BSA, PADI and GSLC)

**7.**      Plaintiffs have alleged fault against BSA, PADI and GSLC as described above and in Plaintiffs' Complaint.

**8.**      Blue Water Defendants have the right to apportion and allocate fault, if any, against BSA, PADI and GSLC pursuant to Utah Code Ann. § 78B-5-818 and have standing to oppose any motion by BSA, PADI, or GSLC.

WHEREFORE, Blue Water Defendants respectfully request that this Court:  (1) allow allocation and apportionment of fault against BSA, PADI and GSLC; (2) bar or alternatively limit recovery against Blue Water Defendants in the event that these alleged liabilities on the part of BSA, PADI, or GSLC are proven as required by applicable law; (3) grant Blue Water Defendants standing to oppose any motion filed by BSA, PADI or GSLC should Blue Water Defendants so elect; and (4) such other relief as the facts justify and the Court orders.

Respectfully,

/s/  Jonathan Z. Cohen

*Attorneys for Blue Water Scuba, Lowell Huber, and Corbett Douglas*