Mark A. Hruska (*Pro Hac Vice*)
Florida Bar No. 571954
Pennsylvania Bar No. 22212
THE SCHWARTZ LAW GROUP
6751 No. Federal Highway, #200
Boca Raton, FL 33487
Tel:  (561) 395-4747
mah@theschwartzlawgroup.com

Roger H. Bullock, #485
S. Spencer Brown, #13157
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, UT 84180
Tel:   (801) 532 -7080
Fax:  (801) 596-1508
rbullock@strongandhanni.com
sbrown@strongandhanni.com

*Attorneys for Professional Association of Dive Instructors ("PADI")*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL,<br><br>            Plaintiffs,<br>vs.<br><br>BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, and GREAT SALT LAKE COUNCIL, INC.,<br><br>            Defendants. | **ANSWER TO PLAINTIFFS' COMPLAINT, RELIANCE ON DEFENDANT BLUE WATER SCUBA'S JURY DEMAND, AND CROSS-CLAIM FOR APPORTIONMENT OF FAULT AGAINST OTHER DEFENDANTS**<br><br><br><br>Case No.: 1:12-cv-00128<br><br>Judge Dee Benson |

Defendant Professional Association of Dive Instructors ("PADI") answers and responds to the allegations of Plaintiffs' Complaint as follows:

## PARTIES

1. Answering the allegations of Paragraphs 1 and 2, alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

2. Answering the allegations of Paragraph 3, denies that PADI committed any culpable conduct described therein or that Plaintiffs have suffered the damages described therein. As to the remaining allegations, alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

3. Answering the allegations of Paragraph 4, admits that the Estate of David Christopher Tuvell is the legal estate of the deceased and denies the remainder of the allegations as they pertain to PADI.

4. Answering the allegations of Paragraph 5, admits that Defendant Corbett Douglas was a PADI certified dive instructor, denies that Defendant Corbett Douglas was an agent of PADI, and, answering the remaining allegations of Paragraph 5, alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

5. Answering the allegations of Paragraph 6, alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

6. Answering the allegations of Paragraph 7, alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

7. Answering the allegations of Paragraph 8, alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

8. Answering the allegations of Paragraph 9, admits that PADI was and is licensed to do business in the state of Utah and denies the remaining allegations.

## JURISDICTION AND VENUE

9. Answering the allegations of Paragraph 10, alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

## FACTS

10. Answering the allegations of Paragraphs 11 and 12, admits that jurisdiction and venue are proper in this Court.

11. Answering the allegations of Paragraph 13, admits that David Christopher Tuvell died on or about July 13, 2011 in a scuba diving incident at Bear Lake, Utah while participating in a dive program offered by the Boy Scouts of America, Bear Lake Boy Scout Aquatic Camp, Lowell Huber, and/or Blue Water Scuba.  PADI admits further that the program was conducted by Corbett Douglas, who was a PADI certified instructor.  PADI denies the remaining allegations of this paragraph as they pertain to PADI.

12. Denies the allegations of Paragraph 14 as they pertain to PADI.

13. Answering the allegations of Paragraph 15, admits that David Christopher Tuvell was participating in a PADI Discover Scuba Diving ("DSD") at the time of his death which was offered by the Bear Lake Boy Scout Aquatic Camp and/or the Boy Scouts of America, that the

DSD program is a PADI sanctioned program which was designed to introduce people to scuba diving in a highly supervised and controlled manner, and that it emphasizes that close supervision of the dive participants by the instructor is essential. PADI denies that the DSD program and its teaching materials are a "product" within the meaning of the Utah Products Liability Act, denies that the DSD program and its teaching materials are inherently dangerous, and denies the remaining allegations of this paragraph.

14. Admits the allegations of Paragraph 16.

15. Answering the allegations of Paragraph 17, denies that Defendant Corbett Douglas was an agent or employee of PADI. As to the remaining allegations, that alleges that it is without knowledge or information sufficient to form a belief as to the truth thereof and therefore denies the same.

16. Answering the allegations of Paragraph 18, admits that PADI owed David Christopher Tuvell to act in a reasonable and careful manner and denies the remainder of the allegations of Paragraph 18 as they pertain to PADI.

17. Denies the allegations of Paragraph 19 as they pertain to PADI.

18. The allegations of Paragraph 20 do not pertain to PADI. Therefore, no response is required. To the extent a response is required, PADI denies the allegations of this paragraph.

19. The allegations of Paragraph 21 do not pertain to PADI. Therefore, no response is required. To the extent a response is required, PADI denies the allegations of this paragraph.

20. Denies the allegations of Paragraphs 22 through 26 as they pertain to PADI.

21. The allegations of Paragraphs 27 through 31 do not pertain to PADI. Therefore, no response is required. To the extent a response is required, PADI denies the allegations of this paragraph.

22. Denies the allegations of Paragraph 32.

23. Denies the allegations of Paragraph 33 as they pertain to PADI.

24. Answering the allegations of Paragraph 34, admits that David Christopher Tuvell died on July 13, 2011, denies that PADI engaged in any culpable conduct, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

25. Answering the allegations of Paragraph 35, denies that PADI engaged in any culpable conduct, denies that Plaintiffs are entitled to recover from PADI in any amount, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

26. Denies the allegations of Paragraph 36 as they pertain to PADI.

## FIRST CLAIM FOR RELIEF

27. Answering the allegations of Paragraph 37, incorporates the responses to paragraphs 1 through 36 as if fully set forth herein.

28. Denies the allegations of Paragraphs 38 through 42 as they pertain to PADI.

## SECOND CLAIM FOR RELIEF

29. Answering the allegations of Paragraph 43, incorporates the responses to paragraphs 1 through 42 as if fully set forth herein.

30. Answering the allegations of Paragraphs 44 through 47, the Court dismissed Plaintiffs' Second Claim for Relief on May 29, 2013, and thus no response is necessary.

### THIRD CLAIM FOR RELIEF

31. Answering the allegations of Paragraph 48, incorporates the responses to Paragraphs 1 through 47 as if fully set forth herein.

32. Answering the allegations of Paragraphs 49 through 60, the Court dismissed Plaintiffs' Third Claim for Relief on May 29, 2013, and thus no response is necessary.

### FOURTH CLAIM FOR RELIEF

33. Answering the allegations of Paragraph 61, incorporates the responses to Paragraphs 1 through 60 as if fully set forth herein.

34. Answering the allegations of Paragraphs 62 and 63, Plaintiff has dismissed these claims against PADI by stipulation, and thus no response is necessary.

### FIFTH CLAIM FOR RELIEF

35. Answering the allegations of Paragraph 64, incorporates the responses to Paragraphs 1 through 63 as if fully set forth herein.

36. Answering the allegations of Paragraphs 65 through 67, the Court dismissed Plaintiffs' Fifth Claim for Relief on May 29, 2013, and thus no response is necessary.

### SIXTH CLAIM FOR RELIEF

37. Answering the allegations of Paragraph 68, incorporates the responses to Paragraphs 1 through 67 as if fully set forth herein.

38. Answering the allegations of Paragraphs 69 through 71, the Court dismissed Plaintiffs' Sixth Claim for Relief on May 29, 2013, and thus no response is necessary.

### SEVENTH CLAIM FOR RELIEF

39. Answering the allegations of Paragraph 72, incorporates the responses to Paragraphs 1 through 71 as if fully set forth herein.

40. Answering the allegations of Paragraph 73, Plaintiff has dismissed these claims against PADI by stipulation, and thus no response is necessary

### EIGHTH CLAIM FOR RELIEF

41. Answering the allegations of Paragraph 74, incorporates the responses to Paragraphs 1 through 73 as if fully set forth herein.

42. Answering the allegations of Paragraphs 75 through 78, the Court dismissed Plaintiffs' Eighth Claim for Relief on May 29, 2013, and thus no response is necessary.

### NINTH CLAIM FOR RELIEF

43. Answering the allegations of Paragraph 79, incorporates the responses to Paragraphs 1 through 78 as if fully set forth herein.

44. Answering the allegations of Paragraph 80 and 80, alleges that the Ninth Claim for Relief is not directed at PADI, and thus no response is necessary. To the extent that a response is necessary, PADI denies these allegations.

45. Denies generally and specifically each and every other allegation except as admitted or modified herein. Denies that PADI is at fault in any particular, and denies that Plaintiffs should recover from PADI on any claim in any amount of damages.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against PADI upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced by Plaintiffs' own fault and the fault of Plaintiffs' decedent pursuant to Utah Code Ann. § 78B-5-817 et seq.

**THIRD AFFIRMATIVE DEFENSE**

Others who are not parties to this action may have caused or contributed to Plaintiffs' damages. The fault of all such persons and entities should be allocated at trial pursuant to Utah Code Ann. § 78B-5-817 et seq. and DUCivR 9-1(a) including, but not limited to, the following persons and entities:

**1. Matthew Perry.** Mr. Perry, of Las Vegas, Nevada, was David Christopher Tuvell's dive buddy, and thus had a duty to look after David Christopher Tuvell. Mr. Perry failed to do so, and may have kicked the mask and regulator away from David Christopher Tuvell's face, precipitating the latter to drown. Mr. Perry may be liable for negligence.

**2. LaMotte Pediatrics LLP d/b/a Anthem Hills Pediatrics.** Anthem Hills Pediatrics, of Henderson, Nevada, negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

**3. Kim LaMotte-Malone M.D. Professional Corporation d/b/a Anthem Hills Pediatrics.** Anthem Hills Pediatrics, of Henderson, Nevada, negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

**4. Brian Shrawder.** Mr. Shrawder was a Physician's Assistant employed by Anthem Hills Pediatrics who negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

**5. Kim LaMotte-Malone M.D.** Dr. Malone, of Henderson, Nevada is the Managing Partner of LaMotte Pediatrics LLP. She may not have adequately supervised Mr. Shrawder, who negligently cleared David Christopher Tuvell for scuba diving without restrictions when he had been sick with disqualifying medical conditions for many months.

## FOURTH AFFIRMATIVE DEFENSE

PADI's liability, if any, must be limited to its proportion of fault pursuant to Utah Code Ann. § 78B-5-817, et seq. PADI requests that fault be apportioned to Plaintiffs, the other Defendants, and to other non-parties to this action at trial.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that PADI is found to have made any express warranties to David Christopher Tuvell or Plaintiffs, any affirmation of fact or promise made by PADI was not part of the basis of the bargain.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that PADI is found to have made any express warranties to David Christopher Tuvell or Plaintiffs, neither David Christopher Tuvell nor Plaintiffs relied on such warranties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and release.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of assumption of risk.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they are the result of intervening, superseding, or unforeseeable causes over which PADI had no control.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against PADI may be barred pursuant to applicable warranties, releases, and/or warnings.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages. PADI is entitled to conduct reasonable discovery on this issue and assert this defense at trial.

WHEREFORE, PADI, having answered all of the allegations of Plaintiffs' Complaint demands that the same be dismissed with costs and such other and further relief as the court may deem just and equitable in the premises.

### RELIANCE ON JURY DEMAND

PADI relies on the jury demand made by the Blue Water Scuba Defendants in their Answer. If for any reason that jury demand is defective, PADI reserves the right to pay the statutory jury fee and have a jury trial.

### CROSS-CLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, PADI makes the following cross-claim against Defendants Boy Scouts of America, Blue Water Scuba, Lowell Huber, Corbett Douglas, and Great Salt Lake Council, Inc.

**GENERAL ALLEGATIONS**

1. Plaintiffs have filed a Complaint making various allegations and related claims against PADI, Boy Scouts of America, Blue Water Scuba, Lowell Huber, Corbett Douglas, and Great Salt Lake Council, Inc., seeking damages for alleged injuries arising out of the death of David Christopher Tuvell during a scuba diving excursion at the Bear Lake Boy Scout Aquatic Camp.  The Complaint's allegations are incorporated herein for the sole purpose of demonstrating the claims against all Defendants without admitting the truthfulness of that pleading.

2. Plaintiffs allege that all Defendants were at fault and that such fault was the proximate cause of David Christopher Tuvell's death and Plaintiffs' alleged injuries.  Plaintiffs also claim that all Defendants are strictly liable under products liability theory.

3. PADI is entitled to have fault apportioned to the other defendants on the basis and as a result of Plaintiffs' allegations of fault against the other Defendants in causing the incident and Plaintiffs' damages.

4. This cross-claim arises out of the same alleged, above-referenced incident that is the subject matter of Plaintiffs' Complaint.

5. To the extent that this Court has jurisdiction over Plaintiffs' claims, it has jurisdiction over PADI's cross-claim.

6. To the extent that venue is properly situated in this Court, such venue is also proper with respect to PADI's cross-claim.

## FIRST CLAIM FOR RELIEF
### Apportionment/Allocation of Fault against all other Defendants

7. Plaintiffs have alleged fault against all defendants as described above and in Plaintiffs' Complaint.

8. PADI has the right to apportion and allocate fault, if any, against all other Defendants pursuant to Utah Code Ann. § 78B-5-818 and have standing to oppose any motion filed by any other Defendant.

WHEREFORE, PADI respectfully requests that this Court:

1. Allow allocation and apportionment of fault against each of the Defendants named herein.

2. Bar or limit recovery against PADI to the extent that fault by other Defendants is proven.

3. Grant PADI standing to oppose any motion filed by the Defendants named herein.

4. Such other relief as the Court deems just and proper.

DATED this 20th day of June, 2013.

    Mark A. Hruska
    **THE SCHWARTZ LAW GROUP**

    Roger H. Bullock
    S. Spencer Brown
    **STRONG & HANNI**

    */s/ Spencer Brown*

    ROGER H. BULLOCK
    S. SPENCER BROWN
    *Attorneys for Professional Association of Dive Instructors ("PADI")*