Gainer M. Waldbillig, (Utah Bar No. 4433)
w@gainermw.com
**W | LAW**
175 South Main Street, Suite 1600
Salt Lake City, Utah 84111
(801) 532-8585

David G. Concannon, (Pa. Bar No. 61483; N.J. Bar No. 008511991)
david@davidconcannon.com
Matthew T. Charles, (Pa. Bar No. 207005; N.J. Bar No. 032032007)
matt@davidconcannon.com
**LAW OFFICES OF DAVID G. CONCANNON, LLC**
200 Eagle Road, Suite 116
Wayne, Pennsylvania 19087
(610) 293-8084

Jonathan Z. Cohen (Pa. Bar No. 205941; N.J. Bar No. 027242007)
jzc@jzc-law.com
**JONATHAN Z. COHEN LTD.**
303 West Lancaster Avenue # 144
Wayne, Pennsylvania 19087
(484) 580-8878

*Attorneys for Blue Water Scuba, Lowell Huber, and Corbett Douglas*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL,<br><br>       Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS, BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, and GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA, | **THIRD-PARTY COMPLAINT AGAINST KIM M. LaMOTTE-MALONE M.D.; LaMOTTE PEDIATRICS, LLP; KIM LaMOTTE-MALONE M.D. PROF CORP.; M.P.; MICHAEL PERRY; AND BRIAN K. SHRAWDER**<br><br>**No. 1:12CV00128 DB**<br>**Judge Dee Benson** |

1

|   |   |
|---|---|
| Defendants, | \| |
| | \| |
| vs. | \| |
| | \| |
| KIM M. LaMOTTE-MALONE M.D., LaMOTTE PEDIATRICS, LLP, doing business as Anthem Hills Pediatrics, KIM LaMOTTE-MALONE M.D. PROF CORP., M.P., a minor; MICHAEL PERRY, and BRIAN K. SHRAWDER, | \| |
| | \| |
| Third-Party Defendants. | \| |

The Defendants Blue Water Scuba, Lowell Huber, and Corbett Douglas hereby file this third-party complaint against M.P.; Michael Perry; LaMotte Pediatrics, LLP; Kim LaMotte-Malone M.D. Prof Corp.; Kim M. LaMotte-Malone M.D.; and Brian K. Shrawder.

## INTRODUCTION

**1.** The Plaintiffs Christopher Joseph Tuvell, Sherry Lynn Tuvell, and the Estate of David Christopher Tuvell filed a lawsuit against Blue Water Scuba, Lowell Huber, Corbett Douglas (the "Blue Water Parties"), and the other, above-named Defendants on June 14, 2012. The Plaintiffs have alleged that all of the Defendants are liable for the tragic death of David Christopher Tuvell, in a scuba-diving accident at Bear Lake, Utah, on June 13, 2011. The Plaintiffs' Complaint is attached as Exhibit A. The Blue Water Parties do not incorporate any of the allegations of the Complaint by reference within this pleading.

**2.** The Blue Water Parties have denied that they are liable for David Christopher Tuvell's ("David") death, and have further alleged that David, his parents, and the other Defendants caused David's death.

**3.** In this pleading, the Blue Water Parties allege that M.P.; Michael Perry; LaMotte Pediatrics, LLP; Kim LaMotte-Malone M.D. Prof Corp.; Kim M. LaMotte-Malone M.D.; and

2

Brian K. Shrawder caused or contributed to David's death, and that any damages should be apportioned accordingly.

## PARTIES

4.      Christopher Joseph Tuvell and Sherry Lynn Tuvell have alleged that they are the parents of David, who tragically died during a scuba diving accident in Bear Lake, Utah, on July 13, 2011.  The Tuvells are two of the original Plaintiffs in this case.

5.      The Estate of David Christopher Tuvell is the only other Plaintiff in this case.

6.      Blue Water Scuba is a Utah-based business entity that offers scuba diving instruction and retail services.  Blue Water Scuba is one of the original Defendants in this case and—through this pleading—has become a Third-Party Plaintiff.

7.      Lowell Huber is an individual residing in Logan, Utah who was doing business as Blue Water Scuba at the time of David's scuba diving accident.  Mr. Huber is also one of the original Defendants in this case and—through this pleading—has become a Third-Party Plaintiff.

8.      Corbett Douglas is an individual residing in Cedar Valley, Utah who was previously associated with Blue Water Scuba as a scuba diving instructor.  At the time of David's scuba diving accident, however, Mr. Douglas was only volunteering as a scuba diving instructor with the Great Salt Lake Council, Inc., Boy Scouts of America ("GSLC"), which owned the camp at which the accident occurred.  Mr. Douglas is also one of the original Defendants in this case and—through this pleading—has become a Third-Party Plaintiff.

9.      Boy Scouts of America ("BSA") is a charitable organization chartered by the U.S. Congress that describes itself as "one of the nation's largest and most prominent values-based

youth development organizations." BSA also claims to provide a "program for young people" that "develops personal fitness." BSA is one of the original Defendants in this case.

10. GSLC is a Utah domestic, non-profit corporation chartered by BSA. GSLC owned the camp where David's scuba diving accident occurred. GSLC has been substituted for Bear Lake Boy Scout Aquatic Camp, which was an original Defendant in this case.

11. The Professional Association of Dive Instructors ("PADI") is a California corporation that describes itself as "the world's leading scuba diving training organization." David died while participating in a PADI-developed scuba diving course. PADI is also one of the original Defendants in this case.

12. M.P. is a minor residing in Las Vegas, Nevada. M.P. belonged to the same Boy Scout troop and participated in the same PADI-developed scuba diving course as David. M.P. was assigned to be David's dive buddy and—due to his failures in that capacity—contributed to David's death. By way of this pleading, M.P. has become a Third-Party Defendant in this case.

13. Michael Perry is an individual residing in Las Vegas, Nevada. Mr. Perry was a scoutmaster in the Boy Scout troop to which David and M.P. belonged and—due to his failures in that capacity—also contributed to David's death. By way of this pleading, Mr. Perry has become a Third-Party Defendant in this case.

14. Brian K. Shrawder is an individual presently residing in Lakeland, Florida. Mr. Shrawder previously resided and worked in Nevada as a licensed physician assistant. Mr. Shrawder negligently certified that David, his patient, was fit to participate in scuba diving despite David being medically unfit to do so. By way of this pleading, Mr. Shrawder has become a Third-Party Defendant in this case.

15. LaMotte Pediatrics, LLP is a Nevada domestic limited liability partnership that does business as Anthem Hills Pediatrics, in Henderson, Nevada. David was a patient of LaMotte Pediatrics. LaMotte Pediatrics employed Mr. Shrawder at the time that Mr. Shrawder negligently certified David to scuba dive. By way of this pleading, LaMotte Pediatrics has become a Third-Party Defendant in this case.

16. Kim LaMotte-Malone M.D. Prof Corp. ("KLM PC") is a Nevada domestic professional corporation with a registered address in Las Vegas, Nevada. KLM PC is a managing partner of LaMotte Pediatrics. By way of this pleading, KLM PC has become a Third-Party Defendant in this case.

17. Kim M. LaMotte-Malone M.D. is an individual residing in Nevada. Dr. LaMotte-Malone is a physician licensed by the State of Nevada and is certified in General Pediatrics by the American Board of Pediatrics. Dr. LaMotte-Malone is the other managing partner of LaMotte Pediatrics. David was a patient of Dr. LaMotte-Malone. Dr. LaMotte-Malone was Mr. Shrawder's supervising physician at the time of Mr. Shrawder's negligent certification of David to scuba dive.

## JURISDICTION

18. The Plaintiffs filed the attached Complaint on June 14, 2012.

19. Since then, the Court has had jurisdiction over this case under 28 U.S.C. § 1332(a) given that it involves a sum greater than $75,000.00, exclusive of interests and costs, and the Plaintiffs are citizens of a state that is different from the states in which the Defendants hold citizenship.

20.     The claims asserted in this pleading are so related to the Plaintiffs' original claims that they form part of the same case or controversy under Article III of the U.S. Constitution. Therefore, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

21.     The Blue Water Parties allege that the Third-Party Defendants caused or contributed to David's death.  Therefore, the Court has jurisdiction over this third-party action under Utah Code Ann. § 78B-5-821.

22.     The Third-Party Defendants are liable to the Blue Water Parties for all or part of the Plaintiffs' claims against the latter.  The Court thus has jurisdiction over this third-party action under Federal Rule of Civil Procedure 14.

## FACTS

23.     Between October 2006 and May 2011, David visited LaMotte Pediatrics as a patient on at least twelve occasions.  During these occasions, David usually presented with coughs, sore throat, ear pain, or the like.  On most of these visits, David was seen by Dr. LaMotte-Malone.  On at least two of these visits, David was seen by Mr. Shrawder.

24.     In addition to David's other respiratory maladies, Dr. LaMotte-Malone and Mr. Shrawder treated him for asthma and they prescribed him medication to control it.

25.     On October 1, 2010, Mr. Shrawder was asked to examine David and to certify on a BSA-provided form that David could participate in scuba diving as part of any future scouting activities.

26.     David's mother, Sherry Lynn Tuvell, had previously provided David's medical history on the first page of the BSA-provided form.  Mrs. Tuvell had clearly and accurately indicated in this medical history that David had been treated for asthma and for ear/sinus

problems. Mrs. Tuvell also clearly and accurately indicated in the medical history that David had been using medication to control his asthma since July 2010.

27.     Despite Mrs. Tuvell's written indications, Mr. Shrawder wrote on the BSA-provided form that David's ears, nose, throat, and lungs were "normal." In the spaces provided for explaining any abnormalities, Mr. Shrawder wrote nothing.

28.     The BSA-provided form conveyed that "restricted approval" is appropriate for scuba diving when medication is being prescribed to control asthma, and it further included a space to indicate any restrictions. Mr. Shrawder certified David to scuba dive without indicating any restrictions.

29.     Nor did Mr. Shrawder require that David successfully complete spirometry testing, which is standard for asthmatics who wish to scuba dive.

30.     At the time of Mr. Shrawder's certification, David was 11 years old.

31.     Asthma is traditionally contraindicated for scuba diving—particularly in children—for several reasons: Asthma is characterized by a bronchial narrowing, which cuts the amount of air that can be moved in and out of the lungs. In addition, the airways of asthmatic individuals may narrow when exposed to conditions that are frequently encountered in scuba diving—such as inhalation of cold, dry air or inhalation of cold water after the dislodging of a mouthpiece.

32.     As a licensed physician assistant, Mr. Shrawder had a duty of care to his patient—David.

33.     By clearing David to scuba dive without any restrictions—and without any spirometry testing—Mr. Shrawder breached his duty of care to David.

34. Mr. Shrawder, in negligently certifying David to scuba dive, was acting as Dr. LaMotte-Malone's agent.

35. Dr. LaMotte-Malone had a duty to adequately supervise all of Mr. Shrawder medical activities, but she failed to do so in the case of Mr. Shrawder's negligent certification.

36. Dr. LaMotte-Malone, as a licensed physician, also had an independent duty of care to her patient—David.

37. Mr. Shrawder's negligent certification of David to scuba dive was made within the scope of his employment by LaMotte Pediatrics.

38. LaMotte Pediatrics and KLM PC had the right to control Mr. Shrawder's work, and thus they are liable for the negligence of Mr. Shrawder under the theory of *respondeat superior*.

39. Mr. Shrawder's ill-advised and inadequately supervised certification permitted David to scuba dive despite suffering from a medically disqualifying condition.

40. Relying on Mr. Shrawder's certification of David to scuba dive, the Tuvells and GSLC permitted David to participate in a PADI-developed scuba diving course on July 13, 2011, in Bear Lake, Utah.

41. During this scuba diving course, David was accompanied in the water initially by M.P., Mr. Perry, and their instructor—Mr. Douglas.

42. M.P. was assigned to be David's dive buddy, and Mr. Perry was a scoutmaster responsible for supervising both of them.

43. Approximately 45 minutes into the dive, the divers were following a rope guideline at the bottom of Bear Lake when Mr. Perry suddenly let go of the rope and rapidly ascended to the surface.

44. Mr. Perry's unplanned ascent was a breach of Mr. Douglas' instructions—which were to remain on the rope guideline—but Mr. Douglas was obliged to chase after Mr. Perry to ensure that the latter would not suffer an injury due to his rapid ascent.

45. Before chasing Mr. Perry, however, Mr. Douglas used his hands to signal David and M.P. to stay where they were at the bottom of Bear Lake—only 14 feet from the surface.

46. Both boys acknowledged Mr. Douglas' hand signal with an "OK" hand signal before he momentarily left to assist Mr. Perry only a few body lengths away.

47. Mr. Douglas reached the surface—where Mr. Perry stated that he was fine—and then they both descended to the place where David and M.P. had been instructed to wait. Less than 30 seconds had passed since Mr. Douglas chased Mr. Perry to the surface, but the boys were gone.

48. Mr. Perry, as a scoutmaster, owed a duty of care to David, a scout.

49. By suddenly and rapidly ascending to the surface of Bear Lake, Mr. Perry breached his duty to supervise his scouts.

50. If Mr. Perry had properly supervised his scouts, they would not have had the opportunity to swim away.

51. In the meantime, either M.P. had led David away from where they were instructed to wait or M.P. had permitted David to swim away.

52. Mr. Douglas immediately began searching for the boys, and within minutes he found M.P. standing alone on a small submerged platform toward the shore.

53. Even though M.P. was David's dive buddy and the last individual to see David alive, M.P. told Mr. Douglas that he did not know where David was. M.P. did not offer Douglas any indication that David was injured, dead, or in any kind of trouble.

54. BSA guidelines required that swim buddies stay together, monitor each other, and alert those in charge if either needed assistance or went missing. M.P. thus had a legal duty of care to David.

55. M.P. breached his duty of care to David by abandoning him, failing to alert Douglas that David was in danger, and by failing to provide David's location. This breach only compounded M.P.'s first breach in either leading David away from where they had been instructed to wait or by permitting David to swim away.

56. With the assistance of camp personnel, David was found lying on the bottom of Bear Lake at approximately 12:30 PM, with his mask missing and the regulator out of his mouth.

57. The above-alleged breaches of duty by M.P. prevented David from receiving timely medical assistance.

58. Since David's death, M.P. has offered conflicting accounts of what happened to David.

59. A reasonable opportunity for further investigation or discovery will show that M.P. accidentally kicked David's mask off of his face and dislodged his regulator.

60. A reasonable opportunity for further investigation or discovery will further show that the dislodging of David's mask and his regulator—whether or not caused by M.P.—triggered David an asthma attack that proximately caused him to die.

61. A reasonable opportunity for further investigation or discovery will further show that the delay caused by M.P. in locating David's unconscious body proximately caused David to die.

### COUNT I:  APPORTIONMENT OF FAULT AGAINST M.P.; MICHAEL PERRY; LaMOTTE PEDIATRICS, LLP; KIM LaMOTTE-MALONE M.D. PROF CORP.; KIM M. LaMOTTE-MALONE M.D.; AND BRIAN K. SHRAWDER

62. All of the above-stated allegations are incorporated herein by reference.

63. Under Utah Code Ann. § 78B-5-821, the Blue Water Parties have the right to apportion and allocate fault, if any, against M.P., Mr. Perry, LaMotte Pediatrics, KLM PC, Dr. LaMotte-Malone, and Mr. Shrawder.

64. Under Utah Code Ann. § 78B-5-821, the Blue Water Parties have the right to join M.P., Mr. Perry, LaMotte Pediatrics, KLM PC, Dr. LaMotte-Malone, and Mr. Shrawder.

65. Accordingly, any liability that the Blue Water Parties have to the Plaintiffs should be apportioned to M.P., Mr. Perry, LaMotte Pediatrics, KLM PC, Dr. LaMotte-Malone, and Mr. Shrawder.

### PRAYER FOR RELIEF

WHEREFORE, the Blue Water Parties respectfully request that this Court:  (1) allow allocation and apportionment of fault against M.P.; Michael Perry; LaMotte Pediatrics, LLP; Kim LaMotte-Malone Prof Corp.; Kim M. LaMotte-Malone M.D.; and Brian K. Shrawder; (2) bar or alternatively limit recovery against the Blue Water Parties in the event that these alleged

liabilities on the part of the Third-Party Defendants are proven as required by applicable law; (3) grant the Blue Water Parties standing to oppose any motion filed by any of the Third-Party Defendants; and (4) such other relief as the facts justify and the Court orders.

Respectfully,

/s/  Jonathan Z. Cohen

*Attorneys for Blue Water Scuba, Lowell Huber, and Corbett Douglas*