MICHAEL F. SKOLNICK - #4671
mfskolnick@kippandchristian.com
SAMUEL A. GOBLE - #12102
sgoble@kippandchristian.com
KIPP AND CHRISTIAN, P.C.
10 Exchange Place
Fourth Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
*Attorneys for Boy Scouts of America and*
*Great Salt Lake Council, Inc., Boy Scouts*
*of America, M.P., Michael Perry*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL, | : : : : : : | **MICHAEL PERRY'S ANSWER TO THIRD-PARTY COMPLAINT** |
| Plaintiffs. | : : | Case No.:  1:12-cv-00128 |
| v. | : : | Judge Dee Benson |
| BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA, | : : : : : : : : | |
| Defendants. | : : | |
| v. | : : : | |
| KIM M. LaMOTTE-AMLONE M.D., LaMOTTE PEDIATRICS, LLP, doing business as Anthem Hills Pediatrics, KIM | : : : | |

| | |
|---|---|
| LaMOTTE-MALONE M.D. PROF CORP., M.P>, a minor; MICHAEL PERRY, and BRIAN K. SHRAWDER,        Third-Party Defendants | : : : : |

Defendant Michael Perry, by and through counsel, responds to the numbered paragraphs of Third Party Plaintiffs' Third Party Complaint as follows:

1. Admit.

2. Admit that Blue Water Scuba, Lowell Huber and Corbett Douglas (hereinafter "Third Party Plaintiffs") have denied liability for David Tuvell's death and have furthermore alleged liability for David Tuvell's death against David, his parents, and others. Deny the remainder of paragraph 2.

3. Admit Third Party Plaintiffs allege fault should be apportioned to one or more Third Party Defendants. Deny any basis exists to apportion fault to Michael Perry. Deny the remainder of paragraph 3 for lack of sufficient knowledge or information.

4. Admit.

5. Admit.

6. Admit paragraph 6, based upon information and belief.

7. Admit Third Party Plaintiffs were doing business in Utah, in or around Bear Lake, at certain times pertinent to plaintiffs' Complaint. Admit that through this pleading Lowell Huber has become a Third-Party Plaintiff. Deny the remainder of paragraph 7 for lack of sufficient knowledge or information.

8. Admit that defendant Corbett Douglas was doing business in Utah in association with Blue Water Scuba as a scuba diving instructor. Admit that Corbett Douglas is an original defendant in this case, and through Third Party Plaintiffs' Third Party Complaint has become a Third-Party Plaintiff. Deny the remainder of paragraph 8.

9. Admit.

10. Admit GSLC is a Utah domestic, non-profit corporation chartered by BSA. Admit GSLC has been substituted for BLBSAC. Deny the remainder of paragraph 10.

11. Admit, based upon information and belief.

12. Admit that M.P. is a minor residing in Las Vegas, Nevada, belonged to the same scout troop as David Tuvell and participated in the Discover Scuba program operated by Third Party Plaintiffs at the same time as David Tuvell. Admit that as a result of Third Party Plaintiffs' Third-Party Complaint, M.P. has become a Third Party Defendant. Deny the remainder of paragraph 12.

13. Admit Michael Perry is a resident of Las Vegas, Nevada and was the Scoutmaster for David and M.P.'s scout troop at the time of the Discover Scuba program referenced in paragraph 12 above. Admit that as a result of the Third Party Plaintiffs' Third-Party Complaint Michael Perry has become a Third-Party Defendant. Deny the remainder of paragraph 13.

14. Deny for lack of sufficient knowledge or information.

15. Deny for lack of sufficient knowledge or information.

16. Deny for lack of sufficient knowledge or information.

17. Deny for lack of sufficient knowledge or information.

18. Admit.

19. Admit.

20. Admit.

21. Admit the court has jurisdiction over Third Party Plaintiffs' allegations, and deny the remainder of paragraph 21.

22. Admit this court has jurisdiction over the Third Party Plaintiffs' Third-Party Complaint. Deny the remainder of paragraph 22.

23. Deny for lack of sufficient knowledge or information.

24. Deny for lack of sufficient knowledge or information.

25. Deny for lack of sufficient knowledge or information.

26. Deny for lack of sufficient knowledge or information.

27. Deny for lack of sufficient knowledge or information.

28. Admit that the content of any BSA-provided form speaks for itself. Deny the remainder of paragraph 28 for lack of sufficient knowledge or information.

29. Deny for lack of sufficient knowledge or information.

30. Deny for lack of sufficient knowledge or information.

31. Admit, based upon information and belief, that some asthmatic conditions may present additional safety concerns for a person attempting to scuba dive. Deny the remainder of paragraph 31 for lack of sufficient knowledge or information.

32. Deny for lack of sufficient knowledge or information.

33. Deny for lack of sufficient knowledge or information.

34. Deny for lack of sufficient knowledge or information.

35. Deny for lack of sufficient knowledge or information.

36. Deny for lack of sufficient knowledge or information.

37. Deny for lack of sufficient knowledge or information.

38. Deny for lack of sufficient knowledge or information.

39. Deny for lack of sufficient knowledge or information.

40. Admit, based upon information and belief, that David Tuvell was allowed to participate in the scuba diving course on July 13, 2011 pursuant to being medically cleared. Deny the remainder of paragraph 40 for lack of sufficient knowledge or information.

41. Admit.

42. Admit that David Tuvell and M.P. participated in the same Discover Scuba program operated by Third Party Plaintiffs, and that Michael Perry was their Scoutmaster. Deny for lack of sufficient knowledge or information whether M.P. was assigned to be David's dive buddy. Deny the remainder of paragraph 42.

43. Admit that at some point in time as Michael Perry, Corbett Douglas, David Tuvell and M. P. were travelling along the bottom of the lake, Michael Perry ascended from the bottom of the lake toward the surface. Deny the remainder of paragraph 43.

44. Deny.

45. Deny for lack of sufficient knowledge or information.

46. Deny for lack of sufficient knowledge or information.

47. Admit Michael Perry and Corbett Douglas moved toward the surface of the lake. Admit, upon information and belief, that at some point in time neither M.P. nor David Tuvell were within Corbett Douglas' sight. Deny the remainder of paragraph 47 for lack of sufficient knowledge or information.

48. Admit Michael Perry owed a limited duty of care to M.P. and David Tuvell as their Scoutmaster. Deny the remainder of paragraph 48.

49. Deny.

50. Deny.

51. Deny for lack of sufficient knowledge or information.

52. Admit that M. P. was eventually located. Deny the remainder of paragraph 52 for lack of sufficient knowledge and information.

53. Deny for lack of sufficient information or knowledge.

54. Admit that, as a general matter, certain BSA guidelines include a buddy system. Admit that M.P. and David Tuvell participated in the same Discover Scuba program operated by Third Party Plaintiffs. Deny the remainder of paragraph 54.

55. Deny.

56. Admit, based upon information and belief.

57. Deny.

58. Deny for lack of sufficient knowledge or information.

59. Deny for lack of sufficient knowledge or information.

60. Deny for lack of sufficient knowledge or information.

61. Deny for lack of sufficient knowledge or information.

### COUNT I: APPORTIONMENT OF FAULT AGAINST M.P.; MICHAEL PERRY; LaMOTTE PEDIATRICS, LLP; KIM LaMOTTE-MALONE M.D. PROF CORP.; KIM M. LaMOTTE-MALONE M.D.; AND BRIAN K. SHRAWDER

62. Perry incorporates and realleges his prior responses herein.

63. Paragraph 63 states a legal conclusion and therefore no response is required.

64. Paragraph 64 states a legal conclusion and therefore no response is required.

65. Admit Third Party Plaintiffs allege fault should be apportioned. Deny any basis exists to apportion fault to Michael Perry. Deny the remainder of paragraph 65 for lack of sufficient knowledge or information.

### FIRST AFFIRMATIVE DEFENSE

Third Party Plaintiffs' Complaint fails to state a claim against Michael Perry upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Third Party Plaintiffs' claims are barred by their contract with GSLC, which contract renders Blue Water Scuba and Huber responsible for the safety of the dive in question.

### **THIRD AFFIRMATIVE DEFENSE**

To the extent the accident complained of was proximately caused by the acts or omissions of Blue Water, Huber, Douglas and/or PADI, fault should be apportioned to those parties.

### **FOURTH AFFIRMATIVE DEFENSE**

The Third Party Complaint against Michael Perry is frivolous and filed in bad faith. Accordingly, Michael Perry should be awarded his attorney's fees and costs herein.

### **FIFTH AFFIRMATIVE DEFENSE**

Any allegation not specifically admitted herein is deemed denied.

### **SIXTH AFFIRMATIVE DEFENSE**

Third Party Defendant Michael Perry states that he has, or may have, further and additional affirmative defenses which are not yet known, but which may become known through future discovery.  Third Party Defendant Michael Perry asserts each and every affirmative defense as may be ascertained through future discovery in this case.

WHEREFORE, having responded to Third Party Plaintiffs' Third Party Complaint, Third Party Defendant Michael Perry, by and through counsel, requests that:

1.   Third Party Plaintiffs' Third Party Complaint be dismissed with prejudice and on the merits, as against Third Party Defendant Michael Perry, and that Third Party Plaintiffs takes nothing thereby;

2.   Third Party Defendant Michael Perry be awarded his attorney's fees and costs incurred in defending against Third Party Plaintiffs' Third Party Complaint; and

3.     For such other relief as the court deems just and equitable.

DATED this 28th day of August, 2013.

                                              KIPP AND CHRISTIAN, P.C.

                                              /s/ Michael F. Skolnick
                                            MICHAEL F. SKOLNICK
                                            SAMUEL A. GOBLE
                                            *Attorneys for Boy Scouts of America and Great Salt Lake Council, Inc., Boy Scouts of America, M.P., Michael Perry*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of August, 2013, a true and correct copy of the foregoing **MICHAEL PERRY'S ANSWER TO THIRD-PARTY COMPLAINT**, was served upon the following counsel via ECF court email or to be mailed via U.S. mail, postage prepaid:

Robert G. Gilchrist
EISENBERG GILCHRIST
215 South State Street, #900
Salt Lake City, Utah 84111
rgilchrist@braytonlaw.com

Gainer M. Waldbillig
FORD & HUFF, LLC
10542 S. Jordan Gateway, #300
South Jordan, Utah 84095
w@gainermw.com

Roger H. Bullock
 S. Spencer Brown
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah 84108
rbullock@strongandhanni.com
sbrown@strongandhanni.com

Alton J. Hall, Jr.
DELISE & HALL
516 West 21st Avenue
Covington Louisiana 70433
ahall@dahlaw.com

Mark Hruska
THE SCHWARTZ LAW GROUP
6751 North Federal Highway, Suite 400
Boca Raton, FL 33487
mah@theschwartzlawgroup.com

                                               Nancy Thomas