Gainer M. Waldbillig, (Utah Bar No. 4433)
w@gainermw.com
**W | LAW**
175 South Main Street, Suite 1600
Salt Lake City, Utah 84111
(801) 532-8585

David G. Concannon, (Pa. Bar No. 61483; N.J. Bar No. 008511991)
david@davidconcannon.com
Matthew T. Charles, (Pa. Bar No. 207005; N.J. Bar No. 032032007)
matt@davidconcannon.com
Jonathan Z. Cohen (Pa. Bar No. 205941; N.J. Bar No. 027242007)
jzc@jzc-law.com
**LAW OFFICES OF DAVID G. CONCANNON, LLC**
200 Eagle Road, Suite 116
Wayne, Pennsylvania 19087
(610) 293-8084

*Attorneys for Blue Water Scuba, Lowell Huber, and Corbett Douglas*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL,<br><br>     Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS, BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, and GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA,<br><br>     Defendants,<br><br>vs.<br><br>KIM M. LaMOTTE-MALONE M.D., LaMOTTE | **RESPONSE TO AMENDED ANSWER AND CROSSCLAIM OF BOY SCOUTS OF AMERICA AND GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA BY BLUE WATER SCUBA, LOWELL HUBER, AND CORBETT DOUGLAS**<br><br>**No. 1:12CV00128 DB**<br>**Judge Dee Benson** |

1

| | |
|---|---|
| PEDIATRICS, LLP, doing business as Anthem Hills Pediatrics, KIM LaMOTTE-MALONE M.D. PROF CORP., M.P., a minor; MICHAEL PERRY, and BRIAN K. SHRAWDER,     Third-Party Defendants. | &#124; &#124; &#124; &#124; &#124; &#124; &#124; |

Defendants Blue Water Scuba, Lowell Huber, and Corbett Douglas (collectively the "Blue Water Parties") hereby file this response to the Amended Answer and Crossclaim of Boy Scouts of America ("BSA") and Great Salt Lake Council, Inc., Boy Scouts of America ("GSLC") (collectively the "BSA Parties").

## "Description of Parties"

1. Admitted.

2. The Blue Water Parties admit that GSLC is a local council of BSA, but lack knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in the BSA Parties' Paragraph No. 2.

3. Admitted.

4. The Blue Water Parties deny that Huber was licensed to do business in the state of Utah at certain times relevant to the Plaintiffs' Complaint, but admit the remaining allegations contained in the BSA Parties' Paragraph No. 4.

5. The Blue Water Parties admit that Corbett Douglas is an individual who served in the capacity of a dive instructor at certain times relevant to the allegations contained in Plaintiffs' Complaint, but deny any remaining allegations contained in the BSA Parties' Paragraph No. 5.

### "Jurisdiction"

6.Blue Water and Huber admit that BSA and GSLC seek indemnification and damages from them. The Blue Water Parties deny that BSA or GSLC are entitled to such relief.

7.Admitted.

### "General Allegations"

8.The Blue Water Parties admit that Plaintiffs allege that BSA and GSLC are liable for actions which were allegedly taken by Douglas, but deny any remaining allegations contained in the BSA Parties' Paragraph No. 8.

9.The Blue Water Parties deny the allegation that the BSA Parties could have claims against them, but admit the remaining allegations contained in the BSA Parties' Paragraph No. 9.

10.The Blue Water Parties admit that Blue Water entered into a written contract (the "Contract") with GSLC on July 5, 2010, and that the Contract states that it is "for the purpose of establishing of quality S.C.U.B.A. and snorkeling programs . . . for the participants of the Bear Lake Aquatics Base." The Blue Water Parties deny that Huber was a party to that contract. The Blue Water Parties lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in the BSA Parties' Paragraph No. 10.

11.The Blue Water Parties deny that Huber contracted or agreed to perform any duties pursuant to the Contract, but admit the remaining allegations contained in the BSA Parties' Paragraph No. 11.

**12.** The Blue Water Parties admit that the Contract was renewable annually upon the agreement of both GSLC and Blue Water. By way of further answer, the Contract expired on August 31, 2010 and was never subsequently renewed.

**13.** Admitted.

**14.** Admitted.

**15.** The Blue Water Parties admit that neither Blue Water nor Huber named GSLC as an additional insured on any policy of liability insurance during the 2011 summer camp season, but deny any legal duty to do so. By way of further answer, the Contract expired on August 31, 2010 and was never subsequently renewed.

## "First Cause of Action"

### "(Breach of Contract Against Huber and Blue Water)"

**16.** The Blue Water Parties hereby incorporate by reference the responses set forth in Paragraph Nos. 1 through 15 as if fully set forth herein.

**17.** The Blue Water Parties admit that GSLC entered into a contract in 2010 with Blue Water for certain services and materials and that the contract states that it is "for the purpose of establishing of quality S.C.U.B.A. and snorkeling programs . . . for the participants of the Bear Lake Aquatics Base." The Blue Water Parties deny that Huber was a party to that contract, and they lack knowledge or information sufficient to form a belief as to any remaining allegations contained in the BSA Parties' Paragraph No. 17.

**18.** The Blue Water Parties deny any and all allegations contained in the BSA Parties' Paragraph No. 18.

19. The Blue Water Parties admit that Blue Water agreed to certain contractual duties by entering into the Contract, but deny any remaining allegations contained in the BSA Parties' Paragraph No. 19.

20. The Blue Water Parties deny any and all allegations contained in the BSA Parties' Paragraph No. 20.  By way of further answer, it would not have been possible for Huber to breach the Contract given that he was not a party.  Further, it would not have been possible for Huber or Blue Water to breach the Contract after August 31, 2010 given that it expired then.

21. The Blue Water Parties deny any and all allegations contained in the BSA Parties' Paragraph No. 21.

## "Second Cause of Action"

### "(Respondeat Superior Against Huber and Blue Water)"

22. The Blue Water Parties hereby incorporate by reference the responses set forth in Paragraph Nos. 1 through 21 as if fully set forth herein.

23. The Blue Water Parties admit that Douglas served as a dive instructor during the 2011 summer camp season, but deny any remaining allegations contained in the BSA Parties' Paragraph No. 23.

24. Admitted that Douglas provided services on behalf of Blue Water's scuba program at some of the times described in Plaintiffs' Complaint, during particular hours and at the location of Huber and Blue Water.  The Blue Water parties deny any other allegations contained in the BSA Parties' Paragraph No. 24.

25. The Blue Water Parties deny any and all allegations contained in the BSA Parties' Paragraph No. 25.

26. The Blue Water Parties admit that damages may be assessed and/or paid by GSLC as a result of judgments or other awards against it, including costs and attorneys' fees. The Blue Water Parties deny any remaining allegations contained in the BSA Parties' Paragraph No. 26.

## "Third Cause of Action"

### "(Indemnification Against Huber and Blue Water)"

27. The Blue Water Parties hereby incorporate by reference the responses set forth in Paragraph Nos. 1 through 26 as if fully set forth herein.

28. The Blue Water Parties deny any and all allegations contained in the BSA Parties' Paragraph No. 28.

29. The Blue Water Parties admit that Blue Water agreed to the alleged contractual duties by entering into the Contract with GSLC, but deny that these duties extended beyond August 31, 2010.  The Blue Water Parties also deny any remaining allegations contained in the BSA Parties' Paragraph No. 29.

30. The Blue Water Parties deny any and all allegations contained in the BSA Parties' Paragraph No. 30.

31. The Blue Water Parties admit that BSA and GSLC have liability that will be proven, but deny any remaining allegations contained in the BSA Parties' Paragraph No. 31.

32. The Blue Water Parties deny causing or contributing to the liability of BSA or GSLC, proximately or otherwise.

33. The Blue Water Parties admit that sums may be assessed against and/or paid by GSLC as a result of damages, judgments, or other awards, including costs and attorney's fees.

The Blue Water Parties deny any and all remaining allegations contained in the BSA Parties' Paragraph No. 33.

WHEREFORE, the Blue Water Parties respectfully request that the Court deny any and all relief prayed for by BSA or GSLC and award such other relief as is proper.

## FIRST AFFIRMATIVE DEFENSE

The Blue Water Parties incorporate by reference herein each and every applicable affirmative defense asserted against the Plaintiffs in the Amended Answer (Dkt. No. 77 at 18-23).  To the extent that any such affirmative defenses bar or reduce the Plaintiffs' claims against the Blue Water Parties, they bar or reduce the BSA Parties' Amended Crossclaim.

## SECOND AFFIRMATIVE DEFENSE

The BSA Parties' Amended Crossclaim fails to show that they are entitled to relief.

## THIRD AFFIRMATIVE DEFENSE

The BSA Parties' Amended Crossclaim fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

The BSA Parties' Amended Crossclaim is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

If any of the Blue Water Parties have any of the fault alleged in Plaintiffs' Complaint—which the Blue Water Parties deny—the BSA Parties' fault with regard to the same allegations exceeds that of any of the Blue Water Parties alone or collectively.

## SIXTH AFFIRMATIVE DEFENSE

The BSA Parties' fault with regard to the allegations contained in Plaintiffs' Complaint may exceed the combined fault of the other Defendants, any immune persons, and any nonparties to whom fault is allocated.

### SEVENTH AFFIRMATIVE DEFENSE

Corbett Douglas is immune to any and all liability arising out of the BSA Parties' Amended Crossclaim under the Volunteer Protection Act, 42 U.S.C. § 14501 et seq. and Utah Code Ann. § 78B-4-101 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

The BSA Parties' Amended Crossclaim may be subject to dismissal or other sanctions to the extent that evidence has been altered, destroyed, or not preserved.

### NINTH AFFIRMATIVE DEFENSE

To the extent that the BSA Parties' Amended Crossclaim is without factual basis, in bad faith, or without legal basis, the Blue Water Parties are entitled to sanctions including its attorneys' fees and costs.

### TENTH AFFIRMATIVE DEFENSE

Given that the BSA Parties do not allege performing under the Contract, their breach-of-contract claim must fail.

### ELEVENTH AFFIRMATIVE DEFENSE

The BSA Parties' breach-of-contract and indemnification claims fail under Utah's statute of frauds, as they seek to enforce a promise to answer for the debt, default or miscarriage of another.

### TWELFTH AFFIRMATIVE DEFENSE

The Contract that the BSA Parties seek to enforce expired on August 31, 2010, and there was no agreement to renew it.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Contract that the BSA Parties seek to enforce does not make any of the Blue Water Parties indemnitors.

### FOURTEENTH AFFIRMATIVE DEFENSE

Even if the Contract that the BSA Parties seek to enforce functions as an indemnity agreement, it must be strictly construed against the BSA Parties.

WHEREFORE, the Blue Water Parties respectfully request that this Court deny any and all relief prayed for by BSA or GSLC and award such other relief as is proper.

Respectfully,

/s/  Jonathan Z. Cohen

*Attorneys for Blue Water Scuba, Lowell Huber, and Corbett Douglas*