MICHAEL F. SKOLNICK - #4671
mfskolnick@kippandchristian.com
SAMUEL A. GOBLE - #12102
sgoble@kippandchristian.com
KIPP AND CHRISTIAN, P.C.
10 Exchange Place
Fourth Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
*Attorneys for Boy Scouts of America,*
*Great Salt Lake Council, Inc., Boy Scouts*
*of America and Michael Perry*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL, <br><br> Plaintiffs, <br> vs. <br><br> PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, BOY SCOUTS OF AMERICA, GREAT SALT LAKE COUNCIL, INC. <br><br> Defendants. <br> vs. <br><br> ――――――――――――――――― <br><br> KIM M. LaMOTTE-MALONE, M.D., LaMOTTE PEDIATRICS, LLP, doing business as Anthem Hills Pediatrics, KIM | **JOINT MOTION AND MEMORANDUM FOR ENTRY OF PROTECTIVE ORDER** <br><br><br><br> Case No.: 1:12-cv-00128 <br><br> Judge Dee Benson |

| LaMOTTE-MALONE, M.D. PROF CORP., M.P., a minor; MICHAEL PERRY, and BRIAN K. SHRAWDER,<br><br>Third-Party Defendants | |
|---|---|

Plaintiffs and Defendants Great Salt Lake Counsel Inc., Boy Scouts of America and Michael Perry (collectively "BSA Defendants") hereby jointly move the Court for entry of the form of Protective Order submitted herewith, pertaining to the Settlement Agreement and Release entered into between Plaintiffs and the BSA Defendants. Defendant Professional Association of Dive Instructors and Third-Party Defendant MP both have indicated, through counsel, that they do not object to entry of the proposed protective order. Defendants Blue Water Scuba, Lowell Huber and Corbett Douglas, (collectively "Blue Water Defendants"), have indicated they will object to entry of the Protective Order.

Plaintiffs and BSA Defendants' proposed protective order contemplates that the settlement agreement executed by Plaintiffs and the BSA Defendants may be confidentially produced to the other parties at their request, solely for use in litigation arising from the death of David Christopher Tuvell, and for no other purpose.  In the instance a party does not request or otherwise receive the settlement agreement and its contents are not disclosed to them, they would not be bound by the terms of the Protective Order.

## Statement of Facts

1.  On or about November 30, 2013 Plaintiffs executed a Settlement Agreement and Release ("Settlement Agreement") regarding their confidential settlement with the BSA Defendants.

2.  Over the course of the next two weeks, the Settlement Agreement was signed by representatives from BSA and GSLC, as well as Michael Perry.

3.  Counsel for Plaintiffs and the BSA Defendants subsequently discussed and negotiated the terms of a Protective Order which seeks to preserve confidentiality of the parties' Settlement Agreement.

4.  On Friday, January 10th, counsel for the BSA Defendants sent an email to all parties with the subject heading: "Notification regarding BSA defendants' confidential settlement and proposed stipulated protective order regarding disclosure in pending litigation." Attached to that email was the BSA Defendants' proposed stipulated motion and Protective Order. In the same email, counsel for the parties were invited to contact counsel for the BSA Defendants regarding any questions or issues. *See* Exhibit "A," email from Michael Skolnick to all parties.

5.  Counsel for Blue Water Defendants replied on January 10th to the email, indicating they would object to the motion. *See* Exhibit "B," email reply from David Concannon to all parties.

6.  On January 11th counsel for PADI indicated they would stipulate to the proposed motion and Protective Order as written. *See* Exhibit "C," PADI email reply.

7.  On Monday, January 13th, the Blue Water Defendants' counsel sent another email indicating that he had not received the referenced copies of the BSA Defendants' proposed stipulated motion and Protective Order. *See* Exhibit "D," email from David Concannon.

8. On that same date, the proposed Protective Order and stipulation were transmitted to all counsel, including counsel for the Blue Water Defendants.

9. Soon thereafter, counsel for M.P. indicated they would not object to the proposed motion and Protective Order, insofar as they believe they will not request to see the Settlement Agreement or know its contents, and therefore do not need to be subject to the Protective Order.

<u>**Argument**</u>

**a. Where There Exists Good Cause Confidentiality Agreements Are Appropriate**

The entry of a protective order "is left to the sound discretion of the district court." *Philips Med. Sys. (Cleveland), Inc. v. Hale,* 2:10-CV-816-CW-PMW, 2011 WL 285839 (D. Utah Jan. 28, 2011) *citing Rohrbough v. Harris,* 549 F.3d 1313, 1321 (10th Cir.2008). Accordingly, this court should consider whether good cause exists to issue an order to protect the parties and persons from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

The "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough*, 549 F.3d at 1321 (citing *United States v. Microsoft Corp*., 165 F.3d 952, 959 (D.C.Cir.1999)). In this instance, both plaintiffs and the BSA Defendants negotiated and agreed upon a confidentiality provision as part of their Settlement Agreement.  Because this case involves the tragic death of a child, neither plaintiffs nor  BSA Defendants wish to subject themselves to further public scrutiny regarding the tragedy itself, ensuing litigation and settlement of the claims among them. The burden of such exposure to both sides is considerable, with respect to potential annoyance, reputational damage,

embarrassment and emotional pain regarding a very sensitive matter.

### b.  Judicial and Public Policy Favors Settlement of Disputed Claims

Private settlement of litigation is favored in federal courts. *GET, LLC v. City of Blackwell,* 407 F. App'x 307, 318 (10th Cir. 2011) citing *Flex–Foot, Inc. v. CRP, Inc.,* 238 F.3d 1362, 1369 (Fed.Cir.2001) (noting "compelling public interest and policy in upholding and enforcing settlement agreements" and thereby "fostering judicial economy"); *Stewart v. M.D.F., Inc.,* 83 F.3d 247, 252 (8th Cir.1996) (noting "judicial policy favoring settlement ... rests on the opportunity to conserve judicial resources").  See also *Prater v. Commerce Equities Mngnmt. Co., Inc.,* 2008 U.S. Sist. LEXIS.

### c.  Confidentiality Encourages Settlement

"[A] court should honor confidentialities that are bargained-for elements of settlement agreements. Moreover, when a confidentiality agreement facilitates settlement, a later court should hesitate to undermine the bargain, for if the effectiveness of the protective order cannot be relied on, its capacity to motivate settlement will be compromised. The presumption in favor of the continued operability of a protective order is already supported by current law, and its continued vitality should be reaffirmed." Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 486-87 (1991) (internal citations omitted).

As defendant PADI has pointed out in their separate motion for protective order, the presumption in favor of honoring protective orders in private settlement agreements is consistent

across federal jurisdictions. See PADI's Combined Joint Motion and Memorandum in Support of Joint Motion For Protective Order, p 3. citing *Prater v. Commerce Equities Mngnmt. Co., Inc.,* 2008 U.S. Dist. LEXIS 98795 (S.D. Tex. 2008)( quoting *Grove Fresh Dist. Inc. v. John Labatt Ltd.,* 888 F.Supp. 1427, 1441 (N.D. Ill. 1995).

This is also evident at the local level in Utah's federal district courts. *See* defendant PADI's Joint Motion, pp. 3, 4. Citing *Tanner v Johnston,* 2013 U.S. Dist. LEXIS 3512 (D. Utah 2013), *Pia v. Supernova Media, Inc.,* 2011 U.S. Dist. LEXIS 140396 (D. Utah 2011).

In this instance both parties value confidentiality. Assurances of confidentiality allowed each side to negotiate terms more freely and facilitated a larger spectrum of possible compromise. Without the assurance of confidentiality, both parties may be forced to re-negotiate terms on a restricted basis, with less potential for settlement. Following the general policy adhered to by federal courts, any reasonable term which promotes settlement, including confidentiality, should be encouraged and respected by this court.

### d.  Confidentiality Does Not Prejudice Any Party In This Case

The interests of confidentiality to the parties outweigh any possible difficulty or prejudice to the Blue Water Defendants. As stated in Rule 26, good cause exists where plaintiffs BSA, GSLC and Michael Perry risk suffering a certain but unknown degree of public scrutiny, embarrassment and reputational harm as any outside party guesses at the meaning of the Settlement Agreement. In addition, the existence of confidentiality itself offers value to all stipulating parties because it avoids such scrutiny, publicity, and unfair conclusions regarding plaintiffs and defendants alike.

Blue Water Defendants have objected to the proposed Joint Stipulated Motion for Protective Order without voicing any concerns or alternative acceptable language. In fact, the

Blue Water Defendants objected to the proposed Motion before ever having a chance to review

it. *See*

Exhibits "B" and "C." Therefore, plaintiffs and the BSA Defendants do not know Blue Water Defendants' specific concerns, if any, or how a protective order might possibly prejudice them.

In any event, a protective order will not hinder Blue Water Defendants' ability to litigate this case. The protective order does not render the settlement a secret from any party, and the Blue Water Defendants would not be precluded from attempts to apportion fault to other parties, pursue related filings, conduct discovery or otherwise litigate this case. It simply prevents them from disclosing the Settlement Agreement to anyone who is not a party to this case and who has not been made subject to the proposed Protective Order.

<u>**Conclusion**</u>

The Joint Motion and Memorandum of Plaintiffs and the BSA for Entry of Protective Order should be granted.

DATED this 11th day of February, 2014.

/s/ Michael F. Skonick
Michael F. Skolnick
Samuel A. Goble, Kipp and Christian, P.C.
*Attorneys for Boy Scouts of America, Great Salt Lake Council Inc. and Michael Perry*

DATED this 11th day of February, 2014.

/s/ Alton J. Hall, Jr. (w/permission)
Alton J. Hall, Jr., Delise & Hall
Robert G. Gilchrist, Eisenberg Gilchrist
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2014, a true and correct copy of the foregoing **JOINT MOTION AND MEMORANDUM FOR ENTRY OF PROTECTIVE ORDER**, was filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record:

/S/ Nancy Thomas