Robert G. Gilchrist (3715)
Jeff M. Sbaih (14014)
**EISENBERG GILCHRIST & CUTT**
900 Parkside Tower
215 South State Street
Salt Lake City, Utah  84111
Phone:  (801) 366-9100
Email:  rgilchrist@egclegal.com

Alton J. Hall, Jr. (*Pro Hac Vice*)
**DELISE & HALL**
516 W. 21st Avenue
Covington, LA  70433
Phone: (985) 249-5915
Email: ahall@dahlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, GREAT SALT LAKE COUNCIL, INC.,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 166)**<br><br>Case No. 1:12CV00128 BCW<br><br>Judge Dee Benson |

Plaintiffs submit this Reply Memorandum in Support of their Motion for Leave to File First Amended Complaint.  Blue Water Defendants seek to apportion fault to PADI as an "empty chair".  Plaintiffs' proposed amendment simply adds PADI as a party pursuant to Utah law allowing a cause of action for apportionment of fault.  Both Utah law and fundamental fairness suggest that an entity has a right to protect itself.  Plaintiffs' proposed Amended Complaint does not destroy Blue Water Defendants' defense or change the verdict sheet.  The Court should grant leave to file the Amended Complaint because there is a legitimate factual and legal basis for the claims asserted therein, and because the proposed amendment is made in good faith, is not dilatory, and would not prejudice the Blue Water Defendants.

## ARGUMENT

The Blue Water Defendants' opposition to the proposed Amended Complaint is based on one thing: Blue Water's desire to blame PADI for the death of David Tuvell unimpeded by any defense PADI may have.  As the Court is aware, Blue Water originally filed a cross-claim against PADI, alleging that PADI's DSD program was defective, and was the ultimate cause of David Tuvell's tragic death.  Once Blue Water was allowed to re-answer Plaintiffs' original Complaint as part of the sanctions recently imposed by this Court, Blue Water did not re-assert a Cross-Claim against PADI, but instead sought allocation of fault to PADI in the form of an affirmative defense.  Blue Water's litigation strategy has not changed.  It simply wants to blame PADI, but now hopes to do so with PADI as an empty chair—defenseless target.

The purpose of the Amended Complaint is to assert a cause of action against PADI for allocation of fault purposes so that PADI can defend against Blue Water's allegations, as was

agreed to in the Release of All Claims (the "Release") between Plaintiff and PADI. This cause of action is allowed under Utah law, and is not barred by the terms of the Release.

Moreover, Plaintiffs have not acted in bad faith by seeking to amend their Complaint. There is nothing nefarious in Plaintiffs' motion. To the contrary at the April 23, 2014 hearing regarding Blue Water's motion for sanctions, the Court express interest as to what mechanisms may exist to allow PADI to defend it's reputation and business standing and expressly stated that it would consider motions designed to allow PADI to remain a party to this case. Plaintiffs' Motion for Leave to Amend is such a motion. It was brought early in the litigation, prior to any deposition discovery and does not materially affect Blue Water's defenses. Therefore, Plaintiffs should be allowed to amend their Complaint.

## I. THE PROPOSED AMENDED COMPLAINT IS NOT FUTILE.

Blue Water argues that the proposed Amended Complaint is futile because Plaintiffs have already settled their claim for damages against PADI, and the Release of All Claims signed by the Plaintiffs bars their claim for apportionment of fault. This argument fails because the Release does not apply to the apportionment fault claim, and even if it did, the defense of release is an affirmative defense belonging to PADI—not Blue Water. Blue Water does not have standing to assert provisions of a contract to which it is not a party.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)(internal quotations and citations omitted). Blue Water claims that a cause of action for apportionment against PADI would be frivolous because it is barred by the Release,

which releases "any and all claims and causes of action" related to Christopher Tuvell's death. Assuming for sake of argument that Blue Water can raise the release as a defense, Blue Water incorrectly interprets the Release, and gives undue weight to this single phrase.

In interpreting the Release, like any other contract, the Court "determine[s] what the parties have agreed upon by looking first to the plain language within the four corners of the document." *Cent. Fla. Invs., Inc. v. Parkwest Assocs.*, 2002 UT 3, p 12, 40 P.3d 599. In doing so, the court should "look for a reading that harmonizes the provisions and avoids rendering any provision meaningless." *Encon Utah, LLC . Fluor Ames Kraemer, LLC,* 2009 UT 7, ¶ 28, 210 P.3d 263. This means that the Court should not only consider the entire context of the "Claims Released" section of the Release, which makes clear that what the Tuvells have released PADI from is a claim for *damages*, but it should also consider other provisions, including the "No Admission of Liability" clause, which expresses PADI's desire to remain a defendant in the case.

The "Claims Released" section, from which Blue Water quotes, states:

> For and in consideration of the payments set forth below, **Claimants** and each of them release and discharge all claims and causes of action against **Released Parties**, including but not limited to past, present and future damages, including general damages, special damages, wrongful death damages, punitive damages, and all other damages, loss of support, loss of consortium, loss of services, expenses, liens, reimbursements, attorneys' fees, costs, benefits,, and compensation of any nature whatsoever, whether based on tort, contract or other theory of recovery, arising from or in any way related to the death of David Christopher Tuvell on or about July 13, 2011, as a result of injuries sustained in a fatal scuba diving accident at or near Bear Lake, Utah, and David Christopher Tuvell's pain and suffering before death.

This paragraph alone makes clear that PADI was released from claims that it is liable to Plaintiffs for damages. A cause of action for apportionment of fault pursuant to Utah Code Ann.

§ 78B-5-821 is not a claim for damages or an assertion that PADI is liable for Plaintiffs' damages.  This Court addressed such a claim in Judge Campbell's opinion in *Corp. of the Presiding Bishop v. Queen Carpet Corp.*, 5 F. Supp. 2d 1246 (D. Utah 1998).  Judge Campbell noted that "a claim for allocation of fault is not an assertion of liability. . ."  *Id.* at 1248.  Notwithstanding, "the Utah Liability Reform Act creates a cause of action under state law," which is recognized by this Court.  *Id.* at 1249.  Because the apportionment claim is not an assertion of liability and Plaintiffs' make no claim for damages against PADI, the Release does not bar this claim.

Moreover, the language of the "No Admission of Liability" clause of the Release expressly states that "PADI desires and intends to remain a party to this action to the extent the court will allow in order to defend the professional reputation of PADI and to defend and represent PADI employees and agents who may be witnesses in this action."  Adding a cause of action for apportionment of fault against PADI allows PADI to do what was intended by the Release—remain in the lawsuit to defend its professional reputation.

In any event, the Blue Water Defendants have no standing to assert that the terms of the Release bar Plaintiffs' claims against PADI.  Release is an affirmative defense that must be specifically plead under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(c)(1).  It is PADI's defense.  Blue Water is not a party to the Release or a beneficiary of the Release. Therefore, it cannot use PADI's affirmative defense as a sword against PADI.

## II. THE MOTION TO AMEND IS MADE IN GOOD FAITH BECAUSE THE COURT EXPRESSED WILLINGNESS TO HEAR MOTIONS TO ALLOW PADI TO REMAIN A DEFENDANT IN THIS CASE.

Blue Water next takes issue with the proposed Amended Complaint because it allegedly ignores what "the Court said [at the April 23, 2014 hearing] about the impropriety of the Plaintiffs colluding with PADI to keep them in the case as a party" after settling their claims. Opposition p. 12. Blue Water misrepresents the Court's ruling on its Motion for Sanctions, and ignores the fact that the Court expressly stated that it would entertain motions to keep PADI in the case. In fact the Court questioned both counsel about what procedural devices may exist to allow PADI to remain a party to the case. (Hearing transcript p. 36, line 9 – p. 37, line 9, p. 42, line 22-24, p. 16, line 20, p. 18, line 6).

In ruling on Blue Water's motion, the Court concluded that Plaintiffs and PADI acted improperly by "misrepresenting, after a full settlement had been reached, misrepresenting that a case was still alive." (Hearing transcript p. 54, lines 13-14). It was the misrepresentation of the existence of a live claim—not PADI seeking to stay in the case—that drew sanctions. On the topic of whether PADI could remain as a defendant after settlement, the Court commented:

> That [the filing of an amended complaint with a claim of negligence against PADI after settlement had been reached] is a different debate than what the rules of procedure allow a party or an entity, against whom fault is being offered, that entity's right to defend itself when it has become a nonparty in the case. I will be glad to entertain motions or requests about that, to the extent that anyone wants to bring them, including [PADI] to see what rights you have for justice at a trial, but the method that was utilized here strikes me as being a little bit improper.

(Hearing transcript p. 43, lines 7-15). This Motion is exactly that—a motion to determine whether PADI can remain a party to this case for apportionment of fault purposes. There is no bad faith or improper method being utilized in bringing this motion.

### III. THE AMENDED COMPLAINT IS NOT BEING OFFERED IN BAD FAITH.

6

Blue Water next argues that the proposed Amended Complaint is being brought in bad faith because "Plaintiffs and PADI agree that the Blue Water Defendants were at fault" and "Plaintiffs have no incentive or good faith basis to actually try to allocate fault to PADI." Opposition p. 14.  This argument ignores the language of Section 78B-5-821, and the fact that while Plaintiffs do not believe that PADI was at fault for David Tuvell's tragic death, Blue Water forcefully asserts that PADI was nearly entirely at fault.

Section 821 does not require the party bringing a claim for apportionment to actually contend that the defendant to that claim be at fault.  It states "A person seeking recovery, or any defendant who is a party to the litigation, may join as a defendant, in accordance with the Utah Rules of Civil Procedure, any person . . . alleged to have caused or contributed to the injury or damage for which recovery is sought, for the purpose of having determined their respective proportions of fault."  Here, Blue Water alleges that PADI caused or contributed to David Tuvell's death.  Plaintiff seeks to add an apportionment claim against PADI so that the jury can determine PADI's respective proportion of fault.

If, as Blue Water suggests, the Plaintiffs' cannot bring an apportionment claim against a party unless they also actively assert that the party is at fault, there would be no purpose for allowing such a claim because plaintiffs would always bring a claim for damages, not simply for apportionment.  The only conceivable scenario where a plaintiff would be inclined to make a claim for apportionment of fault is where, as here, the plaintiff desires the party's presence in the lawsuit in order to reduce its fault by defending against allegations made by other defendants to the lawsuit.  This scenario is contemplated within the statute, and should be allowed here.

### IV. THE PROPOSED AMENDED COMPLAINT IS NOT DILATORY, NOR DOES IT PREJUDICE THE BLUE WATER DEFENDANTS.

Blue Water in it's opposition continues to perpetuate the fiction that they were unpaid volunteers entitled to the protection of state and federal Volunteer Protection Acts. Defendants' argue "GSLC never paid the Blue Water Defendant's anything for providing the professional services of Mr. Douglas or the scuba equipment owned by Defendants Lowell Huber and/or Blue Water Scuba". Opposition p. 3. What Blue Water fails to disclose is that it had a contract with GSLC defining what Blue Water would charge for its services and that Huber, Douglas and Blue Water required and received payment in cash from the troop leader prior to the DSD program. Blue Water asserts "now that the pleadings and written discovery have unequivocally proven the Blue Water Defendants' volunteer status…." The fact is that not a single deposition has been taken in this case, Blue Water did not answer written discovery regarding this issue and the only "proof" is Blue Water's pleadings. The documents and pleadings, including the contract filed by GSLC, contradict Blue Water's "volunteer" status.

Blue Water argues that allowing Plaintiffs to amend at this time (although very little written and no deposition discovery has occurred and the scheduling order will soon be amended) will preclude them from retaining their defense based on the Volunteer Protection Act. Even assuming that such a defense exists, this argument misrepresents the Rules of Civil Procedure. In reality, the minor change in the allegations against the Blue Water Defendants creates no prejudice.

The Blue Water Defendants argument is that because the Amended Complaint no longer alleges that they were agents of the BSA, this creates an issue of fact that would preclude a

motion for summary judgment on this issue. The entire premise is unsupported and Blue Water's argument ignores the issue of fact regarding whether they were paid for their services as well as Rule 56(c)(1)'s requirement that any facts supporting or opposing a motion for summary judgment must be supported by evidence—not mere allegations. Regardless of whether Plaintiffs allege that the Blue Water Defendants were BSA's agents, Blue Water could prevail on a motion for summary judgment if, as it claims, "the pleadings and written discovery have unequivocally proven the Blue Water Defendants' volunteer status." Opposition p. 15. If the evidence does not support this claim, and Plaintiffs assert that it will not, Blue Water is not entitled to Summary Judgment. The language of Plaintiffs' proposed Amended Complaint is irrelevant in this analysis.

Moreover, Blue Water cannot claim to be unduly delayed by the proposed Amended Complaint because it seeks to do what Blue Water already plans to do—apportion fault to PADI. To support its defense that PADI is at fault, Blue Water would still be required to take PADI depositions and conduct discovery regarding PADI's conduct. The only difference between the proposed Amended Complaint and Blue Water's affirmative defense is that Blue Water wants to blame PADI in a setting where PADI has no means to defend itself. The Amended Complaint simply levels the playing field on the apportionment issue and allows PADI the opportunity to defend itself.

## **CONCLUSION**

This Court specifically quizzed undersigned counsel regarding various means by which PADI could remain a party to this case and indicated that it would entertain future motions "to

the extent that anyone wants to bring them" regarding an "entity's right to defend itself when it has become a non party in the case."  (Hearing transcript p. 43, lines 7-15).  There is no hidden agenda here.  Plaintiffs seek to take advantage of Section 78B-5-821 and avoid Blue Water's "empty chair" defense.  Blue Water wants to apportion fault to PADI.  They don't lose that ability under Plaintiffs' proposed Amended Complaint.

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Leave to File their Amended Complaint.

DATED this  2nd  day of July, 2014.

Respectfully submitted,

**DELISE & HALL**


  s/Alton J. Hall, Jr.
**ALTON J. HALL, JR.** (*Pro Hac Vice*)
528 W. 21st Avenue
Covington, LA 70433
Telephone: (985) 249-5915
Fax: (985) 809-5787

AND

**ROBERT G. GILCHRIST (3715)**
**JEFF M. SBAIH (14014)**
**EISENBERG GILCHRIST & CUTT**
900 Parkside Tower
215 South State Street
Salt Lake City, Utah  84111
Phone:  (801) 366-9100

**Attorneys for Plaintiffs**

## CERTIFICATE OF MAILING

I hereby certify that on this ___2nd___ day of July, 2014 I caused to be mailed a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 166)** to be delivered via notification of electronic filing, to the following:

Mr. Roger H. Bullock
Mr. S. Spencer Brown
Strong & Hanni
102 South 200 East, Suite 800
Salt Lake City, UT  84111

Mr. Mark A. Hruska
Schwartz Law Group
6751 N. Federal Highway, #400
Boca Raton, FL  33487

Mr. Gainer M. Waldbillig
Ms, Katy R.M. Strand
W|LAW
405 S. Main St., Suite 930
Salt Lake City, UT  84111

Mr. David G. Concannon
Mr. Matthew T. Charles
Law Offices of David G.
   Concannon, LLC
200 Eagle Road, Suite 116
Wayne, PA  19087

Mr. Eric K. Davenport
Mr. Garrett A. Walker
Smith & Glauser, P.C.
1218 East 7800 South, Suite 300
Sandy, UT  84094

　　　　　　　　　　　　　　　　　_/s/ Candace Gleed_

11