FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 10 2014

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

Gainer M. Waldbillig (Utah Bar No. 4433)
gmw@wlaw.net
Katy R. M. Strand (Utah Bar No. 13874)
krs@wlaw.net
**W | LAW**
405 S Main Street Suite 930
Salt Lake City, Utah 84111
(801) 532-9300

David G. Concannon (Pa. Bar No. 61483; N.J. Bar No. 008511991)
david@davidconcannon.com
Matthew T. Charles (Pa. Bar No. 207005; N.J. Bar No. 032032007)
matt@davidconcannon.com
**LAW OFFICES OF DAVID G. CONCANNON, LLC**
200 Eagle Road, Suite 116
Wayne, Pennsylvania 19087
(610) 293-8084
*Attorneys for Blue Water Scuba, Lowell Huber and Corbett Douglas*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as the heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL, <br><br> Plaintiffs, <br><br> vs. <br><br> BOY SCOUTS OF AMERICA, PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS, GREAT SALT LAKE COUNCIL, INC., BOY SCOUTS OF AMERICA, <br><br> Defendants. | ███████ PROTECTIVE ORDER <br><br><br> Case No.: 1:12-cv-00128 <br><br> Judge Dee Benson |

Pursuant to the Motion of the parties, and good cause appearing, therefore, IT IS

HEREBY ORDERED that all parties to this action and their attorneys, officers, agents, members, employees and insurers may use the settlement agreement between Plaintiffs and Defendant Professional Association of Dive Instructors and all information contained therein only as reasonably necessary any litigation arising from the incident of July 13, 2011, and the death of David Christopher Tuvell and for no other purpose, and shall not permit the Confidential Material contained in said settlement agreement to be disseminated to anyone not involved in such litigation.

IT IS FURTHER ORDRERED that:

1. The amount of consideration paid to the Plaintiffs by Defendant is considered Confidential Material and protected by this Order.

2. Only counsel of record, the parties, their insurers, reinsurers, their counsel, auditors and tax advisors shall be permitted to view or disseminate Confidential Material.

3. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony containing Confidential Material may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within ten days after receipt by the designating party of the respective deposition transcript. When Confidential Material is incorporated in a deposition transcript, the party designating

such information confidential shall make arrangements with the court reporter not to disclose such information except in accordance with the terms of this Order.

4. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits containing Confidential Material shall be given to the deponent. Instead, Confidential Material shall be redacted from the copy of the transcript or exhibits given to the deponent.

5. With respect to any communications to the Court including any pleadings, motions or other papers, all documents containing Confidential Material, if not redacted, shall be communicated to the Court in accordance with the procedures set forth in DUCivR 5-2.

6. The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 5 above under seal in accordance with the procedures set forth in DUCivR 5-2.

7. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order.

8. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information

contested. The parties shall have ten days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have ten days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

9. Inadvertent disclosures of confidential material do not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent disclosure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order. There shall be no liability for the inadvertent disclosure of Confidential Material.

10. This Order shall be without prejudice to the right of any party to oppose production of any information on the basis of privilege or object to its admissibility into evidence.

11. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED this 3rd day of July, 2014.

4

**United States District Court**

_____
Honorable Dee Benson
United States District Judge