IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL<br><br>      Plaintiffs,<br><br>v.<br><br>PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS,<br><br>      Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:12-cv-00128-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

    This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 213.) This lawsuit arises from a July 2011 scuba diving accident and resultant death of David Christopher Tuvell. Plaintiffs bring the present motion to strike portions of Dr. Thomas Powell's expert report. (Dkt. 232.) Defendants Blue Water Scuba, Lowell Huber and Corbett Douglas (collectively "Blue Water") retained Dr. Powell after the Court granted Blue Water's motion to substitute an expert and to modify the scheduling order. (Dkt. 229.)

    **I.**    **Analysis**

    Plaintiffs ask the Court to strike portions of Dr. Powell's report that they assert violate the Court's prior order granting Blue Water's leave to substitute Thomas Powell, Ph. D., for Capt. Gilliam on issues related to PADI's standards and procedures. (Dkt. 232; *see* Dkt. 229 (granting

Dkt. 217.)) Plaintiffs argue that Dr. Powell "does not simply opine as to the instructor's negligence in light of the applicable PADI standards and procedures," but also about the instructor's negligence generally, medical issues and other topics that violate the Court's restriction on Dr. Powell's report. Plaintiffs also note that much of the report is also duplicative of the expert report of Dr. Sawatzky (Blue Water's other expert). (Dkt. 239.)

Blue Water opposes the motion arguing that is has complied with the Court's order and Plaintiffs are attempting to strike information that is merely incidental to any issues with "the PADI DSD program and standards . . . ."[1]

The Court has inherent power to enforce its own orders. *E.g. Ex parte Lange*, 85 U.S. 163, 167 (1873) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable."). The Court finds that Blue Water's expert report violates the Court's prior order, but only in minor part. As discussed, Blue Water only demonstrated good cause to substitute an expert on purported issues with "the PADI DSD program and standards" and the Court granted relief accordingly. (Dkt. 229.) The parties' present dispute appears to be over what is sufficiently related to issues with "the PADI DSD program and standards." The Court's order is not quite as narrow as Plaintiffs suggest.

The Court's concern was that Blue Water might produce a new expert report rehashing opinions offered by Dr. Sawatzky regarding Tuvell's medical fitness. While there is considerable overlap with the two reports here, it is mostly a result of both experts being retained for the same case, not Dr. Powell intruding on the opinions of Dr. Sawatzky. The Court's order was not meant to restrict Blue Water's expert to a stilted presentation that criticized PADI's standards with no

---

[1] Blue Water also raised issues related to its liability insurance. Those arguments do not materially aid in the present dispute and the Court does not consider them.

relationship to this case or the Blue Water Defendants' actions. Instead, the Court sought to prevent a situation in which Blue Water designated a second expert to rehash Dr. Sawatzky's opinions.

The first statement to which Plaintiffs object does overstep the authorized substitution. Dr. Powell's report indicates:

> It should be noted that records in this case regarding David Tuvell show that within the previous year and in May 2011 he had suffered from various medical issues that should have precluded him from scuba diving.

(Expert Opinion of Dr. Thomas Powell at 4.) Later, Dr. Powell concludes that Tuvell's death is the result of, among other causes, "known medical issues . . . ." (*Id.* at 9.) Such medical topics were covered extensively by Dr. Sawatzky. To the extent Dr. Powell intends to rely on Dr. Sawatzky's medical opinions, his report should explicitly state as much. To the extent Dr. Powell intends to offer his own expert opinion regarding medical fitness, he is not authorized to do so because Blue Water did not demonstrate good cause to substitute an expert on this topic.

On the other hand, many of the items with which Plaintiffs take issue do not violate the Court's order. Many items simply make the report complete. It would be unrealistic to require Dr. Powell to prepare a report that is completely divorced from the facts of this case. His report presents contextual and background information necessary to understand his opinions. Likewise, a discussion of Blue Water's negligence will also be germane to Dr. Powell's testimony.

For example, Corbett Douglas' compliance with PADI standards is a necessary outgrowth of expert testimony on the adequacy of these standards. Moreover, his compliance with PADI standards was contemplated in Capt. Gilliam's report, albeit in a more generalized manner. Plaintiffs complain that Dr. Powell "does not simply opine as to the instructor's negligence in light of the applicable PADI standards and procedures . . . ." The Court infers from this statement that Plaintiffs expected a certain amount of discussion of Corbett Douglas' compliance with

PADI standards and some consideration of his negligence in light of those standards. Yet many of the individual statements to which Plaintiffs object address issues of negligence related to PADI standards. For example, Plaintiffs take issue with the statement: "Douglas took the time to ensure the proper weighting of each student following the standard practices as taught by PADI." (Expert Opinion of Dr. Thomas Powell at 4.) The portion of the Gilliam report regarding the issues for which Powell has been substituted to testify states: "Corbett Douglas was in full compliance with the PADI standards for the DSD program and did not deviate in any way from the prescribed PADI protocols for conducting such activities." (Dkt, 200-2 at 19.) While Dr. Powell's statement contains a more detailed explanation of how Douglas complied with PADI standards, it appears to the Court to fall within the scope of the substituted testimony.

The Court also disagrees with Plaintiffs' complaint that Powell strays outside the authorized scope of his designation by opinion on Douglas' negligence generally. Plaintiffs effectively invite the Court to comb through the expert report and strike statements that deal with Douglas' lack of negligence which are not, in Plaintiffs' estimation, closely enough tied to PADI standards. The Court declines for two reasons. First, this was not the intent of its earlier order. As stated above, the Court was primarily concerned with not allowing Blue Water to duplicate Dr. Sawatzky's testimony on medical issues. The Court is satisfied with Dr. Powell's report, with the exception noted above. Second, this suggestion is simply impractical in that the Court's editing of the expert report may cause Dr. Powell's testimony to later confuse the jury. "The weighing of evidence, credibility determinations and the drawing of legitimate inferences from the facts are within the province of the jury, not that of the judge." *Logan v. Corning, Inc.*, 159 F.R.D. 46, 50 (D. Kan. 1994) (citing *Anderson v. Liberty Lobby*, 477 U.S. at 242 (1986)). The jury could infer that the expert, by not opining that Douglas lacked negligence, believes that he was negligent in

some way. Dr. Powell's discussion of Douglas' actions provide context that may aid the fact finder in making a decision here. Thus, the Court will not endeavor to rewrite Dr. Powell's report. Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Strike Portions of the Report and Anticipated Testimony of Thomas Powell. (Dkt. 232.) The report must be revised as it relates to medical fitness. The revised report must be produced by Blue Water no later than close of business on May 29, 2015. The Court denies the remaining portions of Plaintiffs' motion.

## II.     Order

For the reasons set forth above, the Court:

**GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Strike Portions of the Report and Anticipated Testimony of Thomas Powell. (Dkt. 232.)

Blue Water must amend its expert report as it deals with medical fitness to dive and provide its amended expert report by close of business on May 29, 2015.

The remainder of Plaintiffs' motion to strike is denied.

IT IS SO ORDERED.

Dated this 22nd day of May, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge