IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JOSEPH TUVELL, SHERRY LYNN TUVELL, individually and as heirs of David Christopher Tuvell, and THE ESTATE OF DAVID CHRISTOPHER TUVELL<br><br>      Plaintiffs,<br><br>v.<br><br>PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS ("PADI"), BLUE WATER SCUBA, LOWELL HUBER, CORBETT DOUGLAS,<br><br>      Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:12-cv-00128-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

This matter was referred to the Court pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 213.) This lawsuit arises from a July 2011 scuba diving accident that resulted in the death of David Christopher Tuvell. Defendants Blue Water Scuba, Lowell Huber and Corbett Douglas (collectively "Blue Water") bring the present motion to compel discovery related to Defendant Professional Association of Dive Instructors' ("PADI") expert, Al Hornsby. (Dkt. 216.)

## ANALYSIS

Blue Water moves to compel responses to two of its interrogatories.[1] First Blue Water seeks a response to interrogatory number seven, which calls for information related to prior litigation involving PADI. Blue Water does not specifically address the relationship of the prior litigation to Mr. Hornsby's report, but appears to insinuate that the items are relevant to the portion of Mr. Hornsby's report addressing the safety of PADI's DSD program. Blue Water also seeks a response to interrogatory number eight, which seeks data underlying a study PADI published, entitled "Training Scuba Divers: A Fatality and Risk Analysis." Blue Water argues it is entitled to the information because it will allow Blue Water to more effectively cross-examine Mr. Hornsby on his opinions based on the study. Blue Water also claims they are entitled to the data pursuant to Federal Rule of Evidence 1006.

PADI resists Blue Water's attempt to compel a response to the interrogatories because Mr. Hornsby does not comment or rely on prior litigation in his report. (Dkt. 222.) PADI suggests that Blue Water's interrogatories constitute nothing more than a tardy request for fact discovery. PADI also argues that interrogatory seven is not reasonably calculated to lead to discoverable information. Finally, PADI argues that the study at issue in interrogatory eight is not a summary of information subject to Rule 1006.

### I.     Expert discovery limits

Generally, "the scope of discovery under the federal rules is broad . . . ." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). PADI has not challenged Blue Water's ability to use interrogatories to discover information related to Mr. Hornsby's report. Instead,

---

[1] Blue Water initially sought a broader range of information, but PADI indicated in its opposition that it provided, or will provide, the other information Blue Water identified in its motion. Blue Water filed no reply, so the Court concludes that these issues are now moot, as PADI suggests.

PADI argues that interrogatories seven and eight are only permissible to the extent they seek information upon which Mr. Hornsby relied in forming his expert opinions. Otherwise, PADI argues, the requests exceed the scope of expert discovery. PADI does not cite any authority to support this argument. Presumably PADI relies on the expert disclosure requirements of Rule 26, but such reliance is misplaced. While Rule 26 requires experts to disclose in their report "the facts or data considered by the witness in forming them;" that provision does not restrict discovery requests. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). Accordingly, the relevant discovery limits are found, as Blue Water correctly notes, in Rule 26(b). PADI argues that interrogatory seven suffers from such a deficiency.

### a. Interrogatory seven

PADI argues that interrogatory seven (seeking evidence of prior claims) is outside the scope of discovery because it is not reasonably calculated to lead to the discovery of admissible evidence. PADI suggests that unless another lawsuit was almost identical to this one, then Federal Rule of Evidence 404(b) bars evidence of other lawsuits. PADI concludes that because Blue Water does not have any evidence that the other litigation was sufficiently similar to the facts at bar, Blue Water is not entitled to the discovery.

The Court disagrees. First, it would be patently unfair to deny a party discovery on the basis that the party cannot establish the relevance of information it does not yet possess. Additionally, discovery sought must only be "*reasonably calculated to lead* to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, even if the prior litigation is not admissible by itself, it may nonetheless be reasonably calculated to lead to information that is admissible. It is foreseeable that Blue Water could discover existence of some information used in the prior litigation that could be helpful to its cross examination of Mr. Hornsby. Finally, the

asserted inadmissibility is far from certain. PADI fails to acknowledge that evidence of other acts is admissible for purposes other than establishing negligent behavior. *See* Fed. R. Evid. 404(b)(2). Based on the foregoing, PADI must provide a response to interrogatory seven.

### a. Interrogatory eight

PADI does not argue that interrogatory eight (seeking information underlying PADI's published study) exceeds the scope of permissible discovery as outlined in Rule 26(b).[2] Likewise, the Court does not find any reason to act on its own to limit this discovery. *See* Rule 26(b)(C). Accordingly, PADI must produce the information sought by Blue Water because it does not appear to fall outside the scope of permissible discovery.

### ORDER

For the reasons set forth above, the Court:

**GRANTS** Blue Water's Motion to Compel Responses to Interrogatories and Production of Documents from Defendant PADI. (Dkt. 216.)

IT IS SO ORDERED.

Dated this 29th day of May, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] The Court agrees with PADI that Rule of Evidence 1006 does not require production of this information because PADI has not attempted to introduce a summary of evidence. This does not; however, alter the analysis under Rule 26.